# U. S. District Court
## Western District of Arkansas (Harrison)
## CIVIL DOCKET FOR CASE #: 3:12–cv–03022–TLB

Stebbins v. Boone County, Arkansas et al
Assigned to: Honorable Timothy L. Brooks
Case in other court:  8th Circuit Court of Appeals, 12–01796
                        8th Circuit Court of Appeals, 13–02475
                        8th Circuit Court of Appeals, 13–02677
                        8th Circuit Court of Appeals, 14–02686
                        8th Circuit Court of Appeals, 14–02711
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 02/17/2012
Date Terminated: 03/30/2015
Jury Demand: Both
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**David Stebbins**                          represented by    **David Stebbins**
123 W. Ridge St.
Apt. D
Harrison, AR 72601
870–204–6516
PRO SE

V.

**Defendant**

**Boone County, Arkansas**                  represented by    **Jason E. Owens**
Rainwater, Holt &Sexton, P.A.
P.O. Box 17250
Little Rock, AR 72222–7250
(501) 868–2500
Fax: (501) 868–2505
Email: owens@rainfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Geoffrey Thompson**
Rainwater, Holt &Sexton
P.O. Box 17250
Little Rock, AR 72222
(501) 868–2500
Email: thompson@rainfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jason Jones**
*TERMINATED: 08/13/2012*

**Defendant**

**Sheriff Danny Hickman**
*in his official capacity*

represented by **Jason E. Owens**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Geoffrey Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/17/2012 | 1 | | COMPLAINT REFERRED (42:1983)provisonally filed against All Defendants, filed by David Stebbins.(lw) (Entered: 02/17/2012) |
| 02/17/2012 | 2 | | MOTION for Issuance of Subpoenas by David Stebbins. (Attachments: # 1 Request for IFP application)Motions referred to James R. Marschewski.(lw) (Entered: 02/17/2012) |
| 02/17/2012 | 3 | | MOTION for Preliminary Injunction by David Stebbins. Motions referred to James R. Marschewski.(lw) (Entered: 02/17/2012) |
| 02/17/2012 | 4 | | ORDER directing clerk to provisionally file 1 Complaint Referred (42:1983) filed by David Stebbins. Clerk is further directed to send a blank IFP application to plaintiff. Plaintiff has until 3/2/12 to either complete, sign, and return IFP application or pay $350.00 filing fee. If Plaintiff fails to return the completed IFP application or pay the filing fee by 3/2/12 the complaint will become subject to summary dismissal for failure to obey a court order. Signed by Honorable James R. Marschewski on February 17, 2012. (lw) (Entered: 02/17/2012) |
| 02/28/2012 | 5 | | APPLICATION to Proceed In Forma Pauperis by Plaintiff David Stebbins. (lw) (Entered: 02/28/2012) |
| 03/06/2012 | 6 | | AMENDED COMPLAINT as to 1 Complaint Referred (42:1983) against All Defendants, filed by David Stebbins. (lw) (Entered: 03/06/2012) |
| 03/12/2012 | 7 | | MOTION to Amend 6 Amended Complaint by David Stebbins. Motions referred to James R. Marschewski.(lw) (Entered: 03/12/2012) |
| 03/23/2012 | 8 | | MOTION to Amend 6 Amended Complaint by David Stebbins. Motions referred to James R. Marschewski.(rw) (Entered: 03/23/2012) |
| 03/27/2012 | 9 | | ORDER directing the clerk to Change the Address of David Stebbins. There are no documents to resend. Signed by Honorable James R. Marschewski on March 27, 2012. (Attachments: # 1 Notice of change of address)(rw) (Entered: 03/27/2012) |
| 04/05/2012 | 10 | | NOTICE (USCA) that a PETITION FOR WRIT OF MANDAMUS has been filed as case number 12–1796, in the 8th Circuit Court of Appeals by David Stebbins for 5 Application to Proceed IFP (42:1983) filed by David Stebbins. (Attachments: # 1 USCA Letter)(jn) (Entered: 04/05/2012) |
| 04/05/2012 | 11 | | ORDER granting re 5 Application to Proceed IFP (42:1983). Plaintiff has been released from incarceration so the Court will not assess the filing fee against him. Signed by Honorable James R. Marschewski on April 5, 2012. |

| | | | |
|---|---|---|---|
| | | | (lw) (Entered: 04/05/2012) |
| 04/16/2012 | 12 | | JUDGMENT/MANDATE (USCA) RE PETITION FOR WRIT OF MANDAMUS denying 10 Petition for Writ of Mandamus Notice (USCA) filed by David Stebbins. (Attachments: # 1 USCA Judgment)(lw) (Entered: 04/16/2012) |
| 04/16/2012 | 13 | | DEMAND for Trial by Jury by David Stebbins. (lw) (Entered: 04/16/2012) |
| 04/16/2012 | 14 | | MOTION for Joinder by David Stebbins. Motions referred to James R. Marschewski.(lw) (Entered: 04/16/2012) |
| 04/18/2012 | 15 | | NOTICE (USCA) that a PETITION FOR WRIT OF MANDAMUS has been filed as case number 12–1906, in the 8th Circuit Court of Appeals by David Stebbins (Attachments: # 1 USCA Letter)(jn) (Entered: 04/18/2012) |
| 05/15/2012 | 16 | | JUDGMENT/MANDATE (USCA) RE PETITION FOR WRIT OF MANDAMUS dismissing for failure to prosecute 15 Petition for Writ of Mandamus Notice (USCA) filed by David Stebbins (Attachments: # 1 USCA Judgment)(jn) (Entered: 05/15/2012) |
| 07/02/2012 | 17 | | ORDER denying 3 Motion for Preliminary Injunction, denying 7 Motion to Amend/Correct, denying 8 Motion to Amend/Correc, denying 14 Motion for Joinder and denying 2 Motion for Issuance of Subpoena; as set forth. Signed by Honorable James R. Marschewski on July 2, 2012. (lw) (Entered: 07/02/2012) |
| 07/02/2012 | 18 | | ORDER DIRECTING THE MARSHALS SERVICE TO SERVE Danny Hickman and Jason Jones and granting 21 days to answer. Signed by Honorable James R. Marschewski on July 2, 2012. (lw) Modified on 7/2/2012 to add text(lw). (Entered: 07/02/2012) |
| 07/02/2012 | | | Summons Issued as to Danny Hickman and Jason Jones and USM285 Form(s) Delivered to USMS for each defendant for whom summons was issued with the following documents attached: re 6 Amended Complaint, 18 Order Directing Service, 1 Complaint Referred (42:1983). Magistrate Notice/Consent form furnished. (lw) (Entered: 07/02/2012) |
| 07/18/2012 | 19 | | SUMMONS AND USM/285 Returned Executed upon Sheriff Danny Hickman 7/16/2012, answer due 8/6/2012. (sh) (Entered: 07/18/2012) |
| 07/20/2012 | 20 | | ANSWER to 1 Complaint Referred (42:1983), 6 Amended Complaint with Jury Demand, ANSWER to 1 Complaint Referred (42:1983), 6 Amended Complaint with Jury Demand by Boone County, Arkansas, Danny Hickman.(Owens, Jason) (Entered: 07/20/2012) |
| 07/24/2012 | 21 | | MOTION to Clarify by Boone County, Arkansas, Danny Hickman. Motions referred to James R. Marschewski.(Owens, Jason) (Entered: 07/24/2012) |
| 07/25/2012 | 22 | | MOTION to Dismiss Party by David Stebbins. Motions referred to James R. Marschewski.(lw) (Entered: 07/25/2012) |
| 07/25/2012 | 23 | | UNILATERAL RULE 26(f) REPORT by David Stebbins (lw) (Entered: 07/25/2012) |
| 07/31/2012 | 24 | | RESPONSE to Motion re 22 MOTION to Dismiss Party *Jason Jones* filed by Boone County, Arkansas, Danny Hickman. (Owens, Jason) (Entered: |

| | | | |
|---|---|---|---|
| | | | 07/31/2012) |
| 08/01/2012 | 25 | | ORDER directing the clerk to Change the Address of David Stebbins. There are no documents to resend. Signed by Honorable James R. Marschewski on August 1, 2012. (Attachments: #1 Address notice)(src) (Entered: 08/01/2012) |
| 08/07/2012 | 26 | | SUMMONS/USM−285 Returned Executed by David Stebbins. Jason Jones served on 7/27/2012, answer due 8/17/2012. (lw) (Entered: 08/07/2012) |
| 08/10/2012 | 27 | | MOTION to Take Deposition from Plaintiff by Boone County, Arkansas, Danny Hickman. Motions referred to James R. Marschewski.(Owens, Jason) (Entered: 08/10/2012) |
| 08/13/2012 | 28 | | ORDER granting 22 Plaintiff's Motion to Voluntarily Dismisss separate Party Jason Jones and Jason Jones is Terminated. Signed by Honorable James R. Marschewski on August 13, 2012. (sh) (Entered: 08/13/2012) |
| 08/30/2012 | 29 | | Order directing the Defendants to file a motion for Summary Judgment by 11/14/12. Signed by Honorable James R. Marschewski on August 30, 2012. (lw) (Entered: 08/30/2012) |
| 08/30/2012 | 30 | | ORDER granting 21 Defendants Motion to Clarify and 27 Motion to Take the Deposition of Plaintiff David Stebbins. The Clerk of the Court is directed to send a copy of this order to Sheriff Danny Hickman, Boone County Jail, 5800 Law Drive, Harrison, AR 72601. The order shoud be sent to Sheriff Hickman by certified mail, return receipt requested. Plaintiff shall be allowed to have his legal materials relating to this case in his possession during the deposition. Signed by Honorable James R. Marschewski on August 30, 2012. (sh) (Entered: 08/30/2012) |
| 08/30/2012 | | | Remark: As directed by Order dated August 30, 2012, a copy of order 30 has been mailed certified mail, return receipt requested to Sheriff Danny Hickman, Boone County Jail, 5800 Law Drive, Harrison, AR 72601. (sh) (Entered: 08/30/2012) |
| 09/05/2012 | 31 | | CLERK'S NOTICE OF SERVICE OF 30 ORDER DATED 8/30/12, SENT CERTIFIED MAIL, RETURN RECEIPT RECEIVED ON 8/31/12, as directed by the court. (sh) (Entered: 09/05/2012) |
| 09/14/2012 | 32 | | MOTION to Compel by Boone County, Arkansas, Danny Hickman. (Attachments: #1 Exhibit A, #2 Exhibit B)Motions referred to James R. Marschewski.(Owens, Jason) (Entered: 09/14/2012) |
| 09/14/2012 | 33 | | MEMORANDUM BRIEF in Support of 32 MOTION to Compel by Boone County, Arkansas, Danny Hickman. (Owens, Jason) (Entered: 09/14/2012) |
| 09/18/2012 | 34 | | NOTICE of Change of Address for David Stebbins. There are no documents to resend. (adw) (Entered: 09/18/2012) |
| 09/25/2012 | 35 | | MOTION to Compel Discovery by David Stebbins. Motions referred to James R. Marschewski.(src) (Entered: 09/25/2012) |
| 09/27/2012 | 36 | | RESPONSE to Motion re 35 MOTION to Compel filed by Boone County, Arkansas, Danny Hickman. (Attachments: #1 Exhibit A, #2 Exhibit B, #3 Exhibit C, #4 Exhibit D)(Owens, Jason) (Entered: 09/27/2012) |

| | | | |
|---|---|---|---|
| 10/03/2012 | 37 | | NOTICE of Appearance by Geoffrey Thompson on behalf of Boone County, Arkansas, Danny Hickman. (Thompson, Geoffrey) (Entered: 10/03/2012) |
| 10/03/2012 | 38 | | FIRST MOTION for Partial Summary Judgment by David Stebbins. Motions referred to James R. Marschewski.(rw) (Entered: 10/03/2012) |
| 10/03/2012 | 39 | | STATEMENT OF FACTS in support of 38 FIRST MOTION for Partial Summary Judgment by David Stebbins. (rw) (Entered: 10/03/2012) |
| 10/03/2012 | 40 | | MEMORANDUM BRIEF in Support of 38 FIRST MOTION for Partial Summary Judgment by David Stebbins. (rw) (Entered: 10/03/2012) |
| 10/03/2012 | 41 | | SECOND MOTION for Partial Summary Judgment by David Stebbins. Motions referred to James R. Marschewski.(rw) (Entered: 10/03/2012) |
| 10/03/2012 | 42 | | STATEMENT OF FACTS in support of 41 SECOND MOTION for Partial Summary Judgment by David Stebbins. (rw) (Entered: 10/03/2012) |
| 10/03/2012 | 43 | | MEMORANDUM BRIEF in Support of 41 SECOND MOTION for Partial Summary Judgment by David Stebbins. (rw) (Entered: 10/03/2012) |
| 10/03/2012 | 44 | | THIRD MOTION for Partial Summary Judgment by David Stebbins. Motions referred to James R. Marschewski.(rw) (Entered: 10/03/2012) |
| 10/03/2012 | 45 | | STATEMENT OF FACTS in support of 44 THIRD MOTION for Partial Summary Judgment by David Stebbins. (rw) (Entered: 10/03/2012) |
| 10/03/2012 | 46 | | MEMORANDUM BRIEF in Support of 44 THIRD MOTION for Partial Summary Judgment by David Stebbins. (rw) (Entered: 10/03/2012) |
| 10/05/2012 | 47 | | RESPONSE in Opposition re 32 MOTION to Compel Discovery filed by David Stebbins. (adw) (Entered: 10/05/2012) |
| 10/05/2012 | 48 | | MOTION to Compel Discovery by David Stebbins. Motions referred to James R. Marschewski.(adw) (Entered: 10/05/2012) |
| 10/05/2012 | 49 | | BRIEF in Support of 48 MOTION to Compel by David Stebbins. (adw) (Entered: 10/05/2012) |
| 10/05/2012 | 50 | | FIRST MOTION for Sanctions by David Stebbins. (adw) (Entered: 10/05/2012) |
| 10/05/2012 | 51 | | BRIEF in Support of 50 FIRST MOTION for Sanctions by David Stebbins. (adw) (Entered: 10/05/2012) |
| 10/05/2012 | 52 | | SECOND MOTION for Sanctions by David Stebbins. (adw) (Entered: 10/05/2012) |
| 10/05/2012 | 53 | | BRIEF in Support of 52 SECOND MOTION for Sanctions by David Stebbins. (adw) (Entered: 10/05/2012) |
| 10/17/2012 | 54 | | MOTION for Declaratory Relief by David Stebbins. Motions referred to James R. Marschewski.(lw) (Entered: 10/17/2012) |
| 10/17/2012 | 55 | | MEMORANDUM BRIEF in Support of 54 MOTION for Declaratory Judgment by David Stebbins. (lw) (Entered: 10/17/2012) |
| 10/17/2012 | 56 | | MOTION for Extension of Time to File Response/Reply as to 39 Statement |

| | | |
|---|---|---|
| | | of Facts, 45 Statement of Facts, 46 Memorandum Brief in Support, 44 MOTION for Partial Summary Judgment, 40 Memorandum Brief in Support, 38 MOTION for Partial Summary Judgment, 41 MOTION for Partial Summary Judgment, 42 Statement of Facts, 43 Memorandum Brief in Support by Boone County, Arkansas, Danny Hickman. Motions referred to James R. Marschewski.(Thompson, Geoffrey) (Entered: 10/17/2012) |
| 10/17/2012 | | TEXT ONLY ORDER granting 56 Motion for Extension of Time to File Response/Reply. Defendant's response is due by October 22, 2012. Signed by Honorable James R. Marschewski on October 17, 2012. (aab) (Entered: 10/17/2012) |
| 10/19/2012 | 57 | RESPONSE to Motion re 48 MOTION to Compel filed by Boone County, Arkansas, Danny Hickman. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Thompson, Geoffrey) (Entered: 10/19/2012) |
| 10/19/2012 | 58 | RESPONSE to Motion re 50 MOTION for Sanctions filed by Boone County, Arkansas, Danny Hickman. (Thompson, Geoffrey) (Entered: 10/19/2012) |
| 10/19/2012 | 59 | RESPONSE to Motion re 52 MOTION for Sanctions filed by Boone County, Arkansas, Danny Hickman. (Thompson, Geoffrey) (Entered: 10/19/2012) |
| 10/22/2012 | 60 | RESPONSE to Motion re 38 MOTION for Partial Summary Judgment filed by Boone County, Arkansas, Danny Hickman. (Thompson, Geoffrey) (Entered: 10/22/2012) |
| 10/22/2012 | 61 | MEMORANDUM BRIEF in Support of 60 Response to Motion by Boone County, Arkansas, Danny Hickman. (Thompson, Geoffrey) (Entered: 10/22/2012) |
| 10/22/2012 | 62 | STATEMENT OF FACTS in Support of 60 Response to Motion by Boone County, Arkansas, Danny Hickman. (Attachments: # 1 Exhibit 1, Affidavit of J. Day)(Thompson, Geoffrey) Modified on 10/23/2012 to edit text (lw). (Entered: 10/22/2012) |
| 10/22/2012 | 63 | RESPONSE to Motion re 41 MOTION for Partial Summary Judgment filed by Boone County, Arkansas, Danny Hickman. (Thompson, Geoffrey) Modified on 10/23/2012 to edit document (lw). (Entered: 10/22/2012) |
| 10/22/2012 | 64 | MEMORANDUM BRIEF in Support of 63 Response to Motion by Boone County, Arkansas, Danny Hickman. (Thompson, Geoffrey) (Entered: 10/22/2012) |
| 10/22/2012 | 65 | STATEMENT OF FACTS in support of 63 Response to Motion by Boone County, Arkansas, Danny Hickman. (Thompson, Geoffrey) Modified on 10/23/2012 to edit text (lw). (Entered: 10/22/2012) |
| 10/22/2012 | 66 | RESPONSE to Motion re 44 MOTION for Partial Summary Judgment filed by Boone County, Arkansas, Danny Hickman. (Thompson, Geoffrey) Modified on 10/23/2012 to edit document (lw). (Entered: 10/22/2012) |
| 10/22/2012 | 67 | MEMORANDUM BRIEF in Support of 66 Response to Motion by Boone County, Arkansas, Danny Hickman. (Thompson, Geoffrey) (Entered: |

| | | | |
|---|---|---|---|
| | | | 10/22/2012) |
| 10/22/2012 | 68 | | STATEMENT OF FACTS in support of 66 Response to Motion by Boone County, Arkansas, Danny Hickman. (Thompson, Geoffrey) (Entered: 10/22/2012) |
| 10/23/2012 | 69 | | REPLY to Response to Motion re 35 MOTION to Compel filed by David Stebbins. (lw) (Entered: 10/23/2012) |
| 10/26/2012 | 70 | | REPLY to Response to 38 First MOTION for Partial Summary Judgment filed by David Stebbins. (rw) (Entered: 10/26/2012) |
| 10/26/2012 | 71 | | REPLY to Response to 41 Second MOTION for Partial Summary Judgment filed by David Stebbins. (rw) (Entered: 10/26/2012) |
| 10/26/2012 | 72 | | REPLY to Response to 44 Third MOTION for Partial Summary Judgment filed by David Stebbins. (rw) (Entered: 10/26/2012) |
| 10/31/2012 | 73 | | MOTION for Leave to File Supplemental Briefing in Support of 44 THIRD MOTION for Partial Summary Judgment by David Stebbins. Motions referred to James R. Marschewski.(lw) (Entered: 10/31/2012) |
| 10/31/2012 | 74 | | RESPONSE in Opposition re 54 MOTION for Declaratory Judgment *and Motion to Stay* filed by Boone County, Arkansas, Danny Hickman. (Thompson, Geoffrey) (Entered: 10/31/2012) |
| 11/02/2012 | 75 | | REPLY to Response to Motion re 44 MOTION for Partial Summary Judgment filed by Boone County, Arkansas, Danny Hickman. (Thompson, Geoffrey) (Entered: 11/02/2012) |
| 11/13/2012 | 76 | | MOTION to Strike 75 Reply to Response to Motion by David Stebbins. Motions referred to James R. Marschewski.(tg) (Entered: 11/13/2012) |
| 11/13/2012 | 77 | | MEMORANDUM BRIEF in Support of 76 MOTION to Strike 75 Reply to Response to Motion by David Stebbins. (tg) (Entered: 11/13/2012) |
| 11/27/2012 | 78 | | MOTION for Issuance of Subpoena by David Stebbins. Motions referred to James R. Marschewski.(rw) (Entered: 11/27/2012) |
| 07/02/2013 | 79 | | MOTION to Disqualify Judge by David Stebbins. (lw) (Entered: 07/02/2013) |
| 07/09/2013 | 80 | | ORDER DENYING 79 Motion to Disqualify Judge. Signed by Honorable P. K. Holmes, III on July 9, 2013. Copy of order mailed to non−CM/ECF participant. (jas) (Entered: 07/09/2013) |
| 07/16/2013 | 81 | | NOTICE (USCA) that a PETITION FOR WRIT OF MANDAMUS has been filed as case number 13−2475, in the 8th Circuit Court of Appeals by David Stebbins. (jn) (Entered: 07/16/2013) |
| 07/29/2013 | | | TEXT ONLY ENTRY: USCA Case Number 13−2475, 8th Circuit Court of Appeals for 81 Petition for Writ of Mandamus Notice (USCA) filed by David Stebbins. (jn) (Entered: 07/29/2013) |
| 07/30/2013 | 82 | | ORDER granting 32 Motion to Compel; denying 35 Motion to Compel; denying 48 Motion to Compel; denying 50 Motion for Sanctions; denying 52 Motion for Sanctions; denying 54 Motion for Declaratory Judgment; |

| | | | |
|---|---|---|---|
| | | | granting in part and denying in part 73 Motion for Leave to File; denying 76 Motion to Strike ; denying 78 Motion for Issuance of. Signed by Honorable James R. Marschewski on July 30, 2013. (rw) (Entered: 07/30/2013) |
| 07/31/2013 | 83 | | NOTICE (USCA) that a PETITION FOR WRIT OF MANDAMUS has been filed as case number 13−2677, in the 8th Circuit Court of Appeals by David Stebbins. for 82 Order on Motion to Compel, Order on Motion for Sanctions, Order on Motion for Declaratory Judgment, Order on Motion for Leave to File, Order on Motion to Strike, Order on Motion for Issuance. (Attachments: # 1 USCA Letter)(jn) (Entered: 07/31/2013) |
| 08/01/2013 | 84 | | REPORT AND RECOMMENDATIONS re 44 MOTION for Partial Summary Judgment filed by David Stebbins, 38 MOTION for Partial Summary Judgment filed by David Stebbins, and 41 MOTION for Partial Summary Judgment filed by David Stebbins. Objections to RRdue by 8/19/2013. Signed by Honorable James R. Marschewski on August 1, 2013. (lw) (Entered: 08/01/2013) |
| 08/01/2013 | 85 | | MANDATE of USCA as to 81 Petition for Writ of Mandamus Notice (USCA) filed by David Stebbins has been considered by the Court and is denied. (Attachments: # 1 USCA Judgment)(lw) (Entered: 08/01/2013) |
| 08/02/2013 | 86 | | MANDATE of USCA as to 83 Petition for Writ of Mandamus Notice (USCA), filed by David Stebbins that the petition for writ of mandamus has been considered by the court and is denied. The emergency motion for preliminary injunction and the motion to proceed on appeal in forma pauperis are also denied. (Attachments: # 1 USCA Judgment)(mfr) (Entered: 08/02/2013) |
| 08/02/2013 | | | TEXT ONLY ENTRY FOR ECF PURPOSES***JUDGMENT/MANDATE (USCA) RE PETITION FOR WRIT OF MANDAMUS denied as to as to 81 Petition for Writ of Mandamus Notice (USCA) filed by David Stebbins (jn) (Entered: 11/06/2013) |
| 08/05/2013 | 87 | | EMERGENCY MOTION to Amend Magistrate Judge's Order re 82 Order on Motion to Compel, Order on Motion for Sanctions, Order on Motion for Declaratory Judgment, Order on Motion for Leave to File, Order on Motion to Strike, Order on Motion for Issuance by David Stebbins. Motions referred to James R. Marschewski.(tg) (Entered: 08/05/2013) |
| 08/05/2013 | 88 | | MEMORANDUM BRIEF in Support of 87 MOTION to Amend/Correct 82 Order on Motion to Compel, Order on Motion for Sanctions, Order on Motion for Declaratory Judgment, Order on Motion for Leave to File, Order on Motion to Strike, Order on Motion for Issuance by David Stebbins. (tg) (Entered: 08/05/2013) |
| 08/07/2013 | | | TEXT ONLY ORDER regarding 87 Emergency Motion to Amend: The motion should be filed as objections to 82 Magistrate Judge Marschewski's order, in relevant part, granting Defendants' motion to compel. The clerk is directed to terminate the pending motion and re−designate the filing appropriately. Further, Defendants should file any response to the objections by August 16, 2013. The Magistrate's 82 Order is STAYED, pending review by the Court, ONLY INSOFAR as it directs Mr. Stebbins to provide Defendants with the information requested in Defendants' 32 first motion to compel and a signed medical authorization by August 15. In all other |

| | | | |
|---|---|---|---|
| | | | respects, the Magistrate's 82 Order remains in effect. Signed by Honorable P. K. Holmes, III on August 7, 2013. (jlg) (Entered: 08/07/2013) |
| 08/08/2013 | 89 | | OBJECTION(S) by David Stebbins 82 Order on Motion to Compel, Order on Motion for Sanctions,, Order on Motion for Declaratory Judgment, Order on Motion for Leave to File, Order on Motion to Strike, Order on Motion for Issuance.(rw) (Entered: 08/08/2013) |
| 08/13/2013 | 90 | | MOTION to Amend 82 Order on Motion to Compel, Order on Motion for Sanctions, Order on Motion for Declaratory Judgment, Order on Motion for Leave to File, Order on Motion to Strike, Order on Motion for Issuance, by David Stebbins. (lw) Modified on 8/22/2013 to edit text (lw). (Entered: 08/13/2013) |
| 08/13/2013 | 91 | | MEMORANDUM BRIEF in Support of 90 MOTION to Amend 82 Order on Motion to Compel, Order on Motion for Sanctions,, Order on Motion for Declaratory Judgment, Order on Motion for Leave to File, Order on Motion to Strike, Order on Motion for Issuance by David Stebbins. (lw) (Entered: 08/13/2013) |
| 08/13/2013 | 92 | | OBJECTION to 84 Report and Recommendations by David Stebbins. (lw) (Entered: 08/13/2013) |
| 08/15/2013 | 93 | | RESPONSE by Boone County, Arkansas, Danny Hickman re 82 Order on Motion to Compel,,, Order on Motion for Sanctions,, Order on Motion for Declaratory Judgment, Order on Motion for Leave to File, Order on Motion to Strike, Order on Motion for Issuance,,,,,,,,, . (Attachments: # 1 Exhibit No. 1 – Policy, # 2 Exhibit No. 2 – Affidavit of Roger Johnson)(Thompson, Geoffrey) (Entered: 08/15/2013) |
| 08/16/2013 | 94 | | RESPONSE by Boone County, Arkansas, Danny Hickman re 89 Objection(s) . (Attachments: # 1 Exhibit No. A – Plaintiff's Discovery Responses, # 2 Exhibit No. B – Limited Medical Authorization)(Thompson, Geoffrey) (Entered: 08/16/2013) |
| 08/22/2013 | 95 | | MOTION for Mental Examination and Reply to 94 Response and 93 Response by David Stebbins. Motions referred to James R. Marschewski.(lw) (Entered: 08/22/2013) |
| 08/22/2013 | 96 | | MOTION to Disqualify Magistrate Judge by David Stebbins. (lw) (Entered: 08/22/2013) |
| 08/22/2013 | 97 | | MEMORANDUM BRIEF in Support of 96 MOTION to Disqualify by David Stebbins. (lw) (Entered: 08/22/2013) |
| 08/28/2013 | 98 | | ORDER DENYING 90 Motion to Amend/Correct; DENYING 95 Motion for mental evaluation; DENYING 96 Motion to Disqualify. Plaintiff is ordered to provide information as requested in Defendants' first Motion to Compel, as well as a signed medical authorization, by September 6, 2013. Signed by Honorable P. K. Holmes, III on August 28, 2013. Copy of order mailed to non–CM/ECF participant. (jas) (Entered: 08/28/2013) |
| 09/03/2013 | 99 | | MOTION for Stay of Proceedings Pending Appeal filed by David Stebbins. Motions referred to James R. Marschewski.(sh) (Entered: 09/03/2013) |
| 09/05/2013 | 100 | | |

| | | | |
|---|---|---|---|
| | | | ORDER denying 99 Motion to Stay Pending Appeal, as set forth. Signed by Honorable P. K. Holmes, III on September 5, 2013. (lw) (Entered: 09/05/2013) |
| 09/06/2013 | 101 | | MANDATE of USCA as to plaintiff's petition to appeal filed with the USCA (Attachments: # 1 USCA Judgment, # 2 USCA Letter, # 3 Petition to Appeal)(jn) (Entered: 09/06/2013) |
| 09/16/2013 | 102 | | MOTION for Protective Order by David Stebbins. Motions referred to James R. Marschewski.(lw) (Entered: 09/16/2013) |
| 09/18/2013 | 103 | | ORDER ADOPTING 84 REPORT AND RECOMMENDATIONS, as set forth. Signed by Honorable P. K. Holmes, III on September 18, 2013. (lw) (Entered: 09/18/2013) |
| 09/25/2013 | 104 | | MOTION for Entry of Judgment under Rule 54(b) by David Stebbins. Motions referred to James R. Marschewski.(lw) (Entered: 09/26/2013) |
| 09/26/2013 | 105 | | NOTICE of Hearing: Evidentiary Hearing set for 3/5/2014 09:00 AM in Harrison –– 2nd flr (Rm 231) before Honorable James R. Marschewski. (djm) (Entered: 09/26/2013) |
| 09/26/2013 | 106 | | SCHEDULING ORDER for Evidentiary Hearing. Signed by Honorable James R. Marschewski on September 26, 2013. (djm) (Entered: 09/26/2013) |
| 10/01/2013 | 107 | | MOTION to Clarify by David Stebbins. Motions referred to James R. Marschewski.(lw) (Entered: 10/01/2013) |
| 10/01/2013 | 108 | | Renewed Motion to Join Parties by David Stebbins. Motions referred to James R. Marschewski.(lw) (Entered: 10/01/2013) |
| 10/29/2013 | 109 | | ORDER denying 104 Motion for Entry of Judgment under Rule 54(b); denying 108 Motion to Join Parties, Further granting 107 Motion to Clarify, as set forth. Signed by Honorable James R. Marschewski on October 29, 2013. (lw) (Entered: 10/29/2013) |
| 10/30/2013 | 110 | | MOTION to Compel, MOTION for Sanctions by David Stebbins. (Attachments: # 1 Exhibit A Second Set of Discovery Requests, # 2 Exhibit B Explanations for Second Set of Discovery Requests, # 3 Exhibit C Defendants' Responses to Plaintiff's Second Interrogatories and Requests for Production of Documents, # 4 Exhibit D Email 10/17/13, # 5 Exhibit E Defendants' Supplemental Responses to Plaintiff's Second Interrogatories and Requests for Production of Documents, # 6 Exhibit F Email 10/25/13)Motions referred to James R. Marschewski.(lw) (Entered: 10/30/2013) |
| 10/31/2013 | | | MOTIONS REFERRED: 110 MOTION for Sanctions. Motions referred to Honorable James R. Marschewski.(lw) (Entered: 10/31/2013) |
| 10/31/2013 | 111 | | OBJECTION to 84 Report and Recommendations by David Stebbins. (lw) (Entered: 10/31/2013) |
| 11/04/2013 | 112 | | MOTION for subpoenas and for admonishments to uncooperative witnesses by David Stebbins. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)Motions referred to James R. Marschewski.(rw) (Entered: 11/04/2013) |

| | | | |
|---|---|---|---|
| 11/13/2013 | 113 | | RESPONSE in Opposition re 110 MOTION to Compel MOTION for Sanctions filed by Boone County, Arkansas, Danny Hickman. (Attachments: # 1 Exhibit No. A – 09/12/13 Email, # 2 Exhibit No. B – 09/19/13 Email Chain, # 3 Exhibit No. C – 10/17/13 Email to Plaintiff, # 4 Exhibit No. D – 10/25/13 Email Chain, # 5 Exhibit No. E – 10/29/13 Email and Supplemental Responses w/o attachments)(Thompson, Geoffrey) (Entered: 11/13/2013) |
| 11/19/2013 | 114 | | MOTION for subpoenas by David Stebbins. Motions referred to James R. Marschewski.(lw) (Entered: 11/19/2013) |
| 11/19/2013 | 115 | | REPLY to Response to Motion re 110 MOTION to Compel MOTION for Sanctions filed by David Stebbins. (lw) (Entered: 11/19/2013) |
| 11/26/2013 | 116 | | ORDER re 109 of the Magistrate denying Mr. Stebbins's renewed motion join parties is AFFIRMED. Signed by Honorable P. K. Holmes, III on November 26, 2013. (sh) (Entered: 11/26/2013) |
| 01/02/2014 | 117 | | MOTION to Continue Case re 112 MOTION for subpoenas and for admonishments to uncooperative witnesses, 110 MOTION to Compel MOTION for Sanctions by David Stebbins. Motions referred to James R. Marschewski.(lw) (Entered: 01/02/2014) |
| 01/16/2014 | 118 | | ORDER granting in part and denying in part 110 Motion to Compel; denying 110 Motion for Sanctions; denying 112 Motion for Subpoenas Duces Tecum ; granting in part and denying in part 114 Motion for Subpoena ; denying 117 Motion to continue, as set forth. Signed by Honorable James R. Marschewski on January 16, 2014. (lw) (Entered: 01/16/2014) |
| 01/17/2014 | 119 | | EMERGENCY MOTION to Stay re 105 Notice of Hearing by David Stebbins. Motion no longer referred to James R. Marschewski per chambers.(rw) Modified on 1/21/2014 to edit text (lw). (Entered: 01/17/2014) |
| 01/21/2014 | | | Motions No Longer Referred per chambers: 119 MOTION to Stay re 105 Notice of Hearing. (lw) (Entered: 01/21/2014) |
| 01/21/2014 | 120 | | OBJECTION(S) by David Stebbins in part to re 118 Order on Motion to Compel, Order on Motion for Sanctions, Order on Motion for Miscellaneous Relief and 119 MOTION to Stay re 105 Notice of Hearing. (lw) (Entered: 01/21/2014) |
| 01/21/2014 | 121 | | AFFIDAVIT of M. Dean Davis filed by David Stebbins. (lw) (Entered: 01/21/2014) |
| 01/22/2014 | 122 | | ORDER that Mr. Stebbin's objections 120 are OVERRULED, and his 119 Emergency Motion to Stay the evidentiary hearing is DENIED. Signed by Honorable P. K. Holmes, III on January 22, 2014. (lw) (Entered: 01/22/2014) |
| 01/23/2014 | 123 | | RESPONSE by Boone County, Arkansas, Danny Hickman re 118 Order on Motion to Compel, Order on Motion for Sanctions, Order on Motion for Miscellaneous Relief,,,,,,, . (Attachments: # 1 Supplemental Responses)(Thompson, Geoffrey) (Entered: 01/23/2014) |

| | | | |
|---|---|---|---|
| 01/27/2014 | 124 | | ORDER directing Clerk to issue subpoena to Jason Jones, for appearance on 3/5/2014 9:00 AM. Subpoena to be served by U. S. Marshals Service and expense to be borne by U.S. Government. Signed by Honorable James R. Marschewski on January 27, 2014. (djm) (Entered: 01/27/2014) |
| 01/27/2014 | | | USM285 Form Delivered to USMS per 124 Order. (djm) (Entered: 01/27/2014) |
| 01/27/2014 | 125 | | ORDER directing the Clerk to issue subpoena to Jason Baethke, for appearance on 3/5/2014 9:00 AM. Subpoena to be served by U.S. Marshals Service and expense to be borne by U.S. Government. Signed by Honorable James R. Marschewski on January 27, 2014. (djm) (Entered: 01/27/2014) |
| 01/27/2014 | | | USM285 Form Delivered to USMS per 125 Order. (djm) (Entered: 01/27/2014) |
| 01/28/2014 | 126 | | MOTION for Sanctions by David Stebbins. (rw) (Entered: 01/28/2014) |
| 01/28/2014 | 127 | | ORDER for Writ of Habeas Corpus Ad Testificandum as to John Edgmon, #153079; returnable by 3/5/2014 9:00 AM. Signed by Honorable James R. Marschewski on January 28, 2014. (copy to ADC– Ouachita River Correctional Unit, ADC–Transport, U. S. Marshals Service) (djm) (Entered: 01/28/2014) |
| 01/28/2014 | 128 | | Writ of Habeas Corpus ad Testificandum Issued as to John Edgmon, #153079, to appear in Harrison, Arkansas on 3/5/2014 9:00 AM. (original writ to ADC–Ouachita River Correctional Unit; copy of writ to ADC–Transport and U. S. Marshals Service) (djm) (Entered: 01/28/2014) |
| 01/28/2014 | | | MOTIONS REFERRED: 126 MOTION for Sanctions. Motions referred to Honorable James R. Marschewski.(rw) (Entered: 01/28/2014) |
| 02/03/2014 | 129 | | PRETRIAL/PREHEARING Information Sheet by Boone County, Arkansas, Danny Hickman. (Thompson, Geoffrey) (Entered: 02/03/2014) |
| 02/05/2014 | 130 | | MOTION for Issuance of Subpoenas by David Stebbins. Motions referred to James R. Marschewski.(tg) (Entered: 02/05/2014) |
| 02/05/2014 | 131 | | Witness List and Description of Exhibit Outline with Exhibit Disc attached by David Stebbins. (tg) (Entered: 02/05/2014) |
| 02/10/2014 | 132 | | ORDER granting in part and denying in part 130 Motion for Issuance of Subpoena. Signed by Honorable James R. Marschewski on February 10, 2014. (src) (Entered: 02/10/2014) |
| 02/11/2014 | 133 | | RESPONSE in Opposition re 126 MOTION for Sanctions filed by Boone County, Arkansas, Danny Hickman. (Thompson, Geoffrey) (Entered: 02/11/2014) |
| 02/13/2014 | 134 | | ORDER for Writ of Habeas Corpus Ad Prosequendum as to Morris Davis, #153931; returnable by 3/5/2014 9:00 AM. Signed by Honorable James R. Marschewski on February 13, 2014. (copy to ADC–Cummins Unit, ADC–Transport, U. S. Marshals Service) (djm) (Entered: 02/13/2014) |
| 02/13/2014 | 135 | | Writ of Habeas Corpus ad Testificandum Issued as to Morris Davis, #153931, to appear in Harrison, Arkansas on 3/5/2014 9:00 AM. (original writ to ADC–Cummins Unit; copy of writ to ADC–Transport and U. S. |

| | | | |
|---|---|---|---|
| | | | Marshals Service) (djm) (Entered: 02/13/2014) |
| 02/13/2014 | 136 | | MOTION in Limine by David Stebbins. Motions referred to James R. Marschewski.(tg) (Entered: 02/13/2014) |
| 02/19/2014 | 137 | | **DISREGARD SEE 138 FOR AMENDED ORDER** ORDER directing that a subponea be issued. Signed by Honorable James R. Marschewski on February 19, 2014. (adw) Modified to add disregard text on 2/19/2014 (adw). (Entered: 02/19/2014) |
| 02/19/2014 | 138 | | AMENDED ORDER directing issuance of a subpoena. Signed by Honorable James R. Marschewski on February 19, 2014. (adw) (Entered: 02/19/2014) |
| 02/19/2014 | 139 | | ORDER directing Clerk to issue subpoena to Tina Avery, for appearance on 3/5/2014 9:00 AM. Subpoena to be served by U. S. Marshals Service and expense to be borne by U. S. Government. Signed by Honorable James R. Marschewski on February 19, 2014. (djm) (Entered: 02/19/2014) |
| 02/19/2014 | | | USM285 Form Delivered to USMS per 139 Order. (djm) (Entered: 02/19/2014) |
| 02/19/2014 | 140 | | REPLY to Response to Motion re 126 MOTION for Sanctions filed by David Stebbins. (adw) (Entered: 02/19/2014) |
| 02/26/2014 | 141 | | ORDER denying 126 Motion for Sanctions. Signed by Honorable James R. Marschewski on February 26, 2014. (src) (Entered: 02/26/2014) |
| 02/27/2014 | 142 | | RESPONSE in Opposition re 136 MOTION in Limine *and to Exclude the Testimony of Chief Deputy Roberson* filed by Boone County, Arkansas, Danny Hickman. (Thompson, Geoffrey) (Entered: 02/27/2014) |
| 03/04/2014 | 143 | | ORDER cancelling writ as to John Edgmon, #153079, and Morris Davis, #153931. Signed by Honorable James R. Marschewski on March 4, 2014. (Copy provided to ADC–Transport via e–mail, followed by mail. Copy mailed to ADC–Ouachita River Correctional Unit, ADC–Cummins Unit, U. S. Marshals Service) (djm) (Entered: 03/04/2014) |
| 03/04/2014 | | | TEXT ONLY ORDER Cancelling Evidentiary Hearing. The hearing will be reset by separate notice. Signed by Honorable James R. Marschewski on March 4, 2014. (djm) (Entered: 03/04/2014) |
| 03/04/2014 | | | Jason Jones, Jason Baethke, Tina Avery notified via telephone that hearing set for 3/5/2014 is cancelled and they will be notified as to rescheduled date (djm) (Entered: 03/04/2014) |
| 03/06/2014 | 144 | | NOTICE of Hearing: Evidentiary Hearing RESET for 4/22/2014 09:00 AM in Harrison –– 2nd flr (Rm 231) before Honorable James R. Marschewski. Scheduling Order entered 9/26/2013 remains in effect. (djm) (Entered: 03/06/2014) |
| 03/06/2014 | 145 | | ORDER for Writ of Habeas Corpus Ad Testificandum as to John Edgmon, #153079; returnable by 4/22/2014 9:00 AM. Signed by Honorable James R. Marschewski on March 6, 2014. (copy to ADC–Ouachita River Correctional Unit, ADC–Transport, U. S. Marshals Service) (djm) (Entered: 03/06/2014) |
| 03/06/2014 | 146 | | |

| | | | |
|---|---|---|---|
| | | | Writ of Habeas Corpus ad Testificandum Issued as to John Edgmon, #153079, to appear in Harrison, Arkansas on 4/22/2014 9:00 AM. (original writ to ADC–Ouachita River Correctional Unit; copy of writ to ADC–Transport and U. S. Marshals Service) (djm) (Entered: 03/06/2014) |
| 03/06/2014 | 147 | | ORDER for Writ of Habeas Corpus Ad Testificandum as to Morris Davis, #153931; returnable by 4/22/2014 9:00 AM. Signed by Honorable James R. Marschewski on March 6, 2014. (copy to ADC–Cummins Unit, ADC–Transport, U. S. Marshals Service) (djm) (Entered: 03/06/2014) |
| 03/06/2014 | 148 | | Writ of Habeas Corpus ad Testificandum Issued as to Morris Davis, #153931, to appear in Harrison, Arkansas on 4/22/2014 9:00 AM. (original writ to ADC–Cummins Unit; copy of writ to ADC–Transport and U. S. Marshals Service) (djm) (Entered: 03/06/2014) |
| 03/12/2014 | | | Jason Jones, Jason Baethke, Tina Avery notified via telephone that hearing is reset for 4/22/2014 09:00 AM (djm) (Entered: 03/12/2014) |
| 03/12/2014 | 149 | | REPLY to Response to Motion re 136 MOTION in Limine filed by David Stebbins. (tg) (Entered: 03/12/2014) |
| 03/12/2014 | 150 | | OBJECTION(S) by David Stebbins re 141 Order on Motion for Sanctions. (tg) (Entered: 03/12/2014) |
| 03/13/2014 | | | TEXT ONLY MEMO OF REASSIGNMENT. Case reassigned to Honorable Timothy L. Brooks. Honorable P. K. Holmes, III no longer assigned to the case. All scheduling dates and times remain the same. (adw) (Entered: 03/13/2014) |
| 03/14/2014 | | | Reset Hearings: Evidentiary Hearing reset for 4/22/2014 09:00 AM in Harrison –– 2nd flr (Rm 231) before Honorable James R. Marschewski. (TO CORRECT HEARING JUDGE ONLY.) (mfr) (Entered: 03/14/2014) |
| 04/17/2014 | 151 | | ORDER denying 136 Motion in Limine. Signed by Honorable James R. Marschewski on April 17, 2014. (adw) (Entered: 04/17/2014) |
| 04/22/2014 | 152 | | Minute Entry for proceedings held before Honorable James R. Marschewski: Day 1 of Evidentiary Hearing to Determine Issues Triable to the Jury held on 4/22/2014. Court to reconvene on 4/23/2014 8:00 AM. (Debbie Maddox–Digital Recorder) (Proceedings held in Harrison–Room 231) (djm) (Entered: 04/24/2014) |
| 04/23/2014 | 153 | | Minute Entry for proceedings held before Honorable James R. Marschewski: Day 2 of Evidentiary Hearing to Determine Issues Triable to the Jury held on 4/23/2014. Court took matter under advisement. (Debbie Maddox–Digital Recorder) (Proceedings held in Harrison–Room 231) (djm) (Entered: 04/24/2014) |
| 05/01/2014 | 154 | | MOTION For Copy of Defense Exhibits and Evidence Hearing Audio Recording and MOTION for Extension of Time to File Response to Show Cause Order by David Stebbins. Motions referred to James R. Marschewski.(tg) (Entered: 05/01/2014) |
| 05/01/2014 | 155 | | RESPONSE TO ORDER TO SHOW CAUSE by David Stebbins. (Same document as #154) (tg) Modified on 5/2/2014 to add text(jn). (Entered: 05/01/2014) |

| 05/05/2014 | 156 | | ORDER granting in part and denying in part 154 Motion for miscellaneous relief ; granting 154 Motion for Extension of Time to File Response. ORDER DIRECTING Defendants to provide Plaintiff with a copy of their exhibits by May 19, 2014. Plaintiff has until May 19, 2014, to provide the Court with a certified copy of the judgment from his state criminal case. The Clerk is directed to provide both the Plaintiff and Defendants with a copy of the hearing audio recording. Signed by Honorable James R. Marschewski on May 5, 2014. (tg) (Entered: 05/05/2014) |
|---|---|---|---|
| 05/19/2014 | 157 | | RESPONSE by Boone County, Arkansas, Danny Hickman re 156 Order on Motion for Miscellaneous Relief, Order on Motion for Extension of Time to File Response/Reply, Order Directing Pleading to be Filed,,,,,, . (Thompson, Geoffrey) (Entered: 05/19/2014) |
| 05/19/2014 | 158 | | ***PLEASE DISREGARD REDOCKETED TO ATTACH EXHIBIT*** RESPONSE by Boone County, Arkansas, Danny Hickman re 156 Order on Motion for Miscellaneous Relief, Order on Motion for Extension of Time to File Response/Reply, Order Directing Pleading to be Filed,,,,,, *exhibits produced*. (Thompson, Geoffrey) Modified on 5/20/2014 (tg). (Entered: 05/19/2014) |
| 05/20/2014 | 159 | | RESPONSE by Boone County, Arkansas, Danny Hickman re 156 Order on Motion for Miscellaneous Relief, Order on Motion for Extension of Time to File Response/Reply, Order Directing Pleading to be Filed,,,,,, . (Attachments: # 1 Exhibit A1, # 2 Exhibit A2, # 3 Exhibit A3, # 4 Exhibit A4)(Thompson, Geoffrey) (Entered: 05/20/2014) |
| 05/20/2014 | 160 | | SECOND RESPONSE by David Stebbins re 155 Response to Order to Show Cause. (tg) (Entered: 05/20/2014) |
| 05/20/2014 | 161 | | SUPPLEMENT To Evidence Hearing Closing Arguments by Plaintiff David Stebbins. (tg) (Entered: 05/20/2014) |
| 07/11/2014 | 162 | 17 | REPORT AND RECOMMENDATIONS re 6 Amended Complaint filed by David Stebbins. Objections to RRdue by 7/28/2014. Signed by Honorable James R. Marschewski on July 11, 2014. (src) (Entered: 07/11/2014) |
| 07/16/2014 | 163 | | NOTICE (USCA) that a PETITION FOR WRIT OF MANDAMUS has been filed as case number 14–2686, in the 8th Circuit Court of Appeals by David Stebbins regarding 162 REPORT AND RECOMMENDATIONS re 6 Amended Complaint filed by David Stebbins. (Attachments: # 1 USCA Letter)(jn) (Entered: 07/16/2014) |
| 07/18/2014 | 164 | | NOTICE (USCA) that a PETITION FOR WRIT OF MANDAMUS has been filed as case number 14–2711, in the 8th Circuit Court of Appeals by David Stebbins regarding the 150 Objection(s) filed by David Stebbins. (Attachments: # 1 8USCA Cover Letter)(mfr) (Entered: 07/18/2014) |
| 07/25/2014 | 165 | | OBJECTION to 162 Report and Recommendations by David Stebbins. (Attachments: # 1 CD Notice) CD held in file(src) (Entered: 07/25/2014) |
| 08/25/2014 | 166 | | JUDGMENT/MANDATE (USCA) RE PETITION FOR WRIT OF MANDAMUS denying 163 Petition for Writ of Mandamus Notice (USCA), filed by David Stebbins, 164 Petition for Writ of Mandamus Notice (USCA), filed by David Stebbins (Attachments: # 1 USCA Judgment)(jn) (Entered: |

| | | | |
|---|---|---|---|
| | | | 08/25/2014) |
| 12/03/2014 | 167 | | PETITION FOR WRIT OF CERTIORARI was filed with the Supreme Court on 11/12/14 and placed on the docket on 11/14/14 as case number 14–7114. (Attachments: # 1 USCA Letter)(jn) (Entered: 12/03/2014) |
| 02/10/2015 | 168 | | SUPREME COURT RULING denying the motion for leave to proceed IFP and dismissing the Petition for Writ of Certorari. (Attachments: # 1 USCA Letter)(jn) (Entered: 02/10/2015) |
| 03/30/2015 | 169 | 42 | OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATIONS re 162 . Case is dismissed with prejudice. Signed by Honorable Timothy L. Brooks on March 30, 2015. (jn) (Entered: 03/30/2015) |
| 03/30/2015 | 170 | 53 | JUDGMENT dismissing case with prejudice re 169 Memorandum Opinion and Order. Signed by Honorable Timothy L. Brooks on March 30, 2015. (jn) (Entered: 03/30/2015) |
| 04/24/2015 | 171 | | MOTION for Reconsideration re 169 Memorandum Opinion and Order, Order Adopting Report and Recommendations, Order on Report and Recommendations, 170 Order by David Stebbins. (jn) (Entered: 04/24/2015) |
| 05/22/2015 | | | Mail Returned as Undeliverable marked Unclaimed. Mail originally sent to David Stebbins at 123 W Ridge St., Harrison, AR including 170 Order, 169 Memorandum Opinion and Order, Order Adopting Report and Recommendations, Order on Report and Recommendations. No new address available. (tg) (Entered: 05/22/2015) |
| 07/13/2015 | 172 | 54 | ORDER denying 171 Motion for Reconsideration. Signed by Honorable Timothy L. Brooks on July 13, 2015. (tg) (Entered: 07/13/2015) |
| 08/11/2015 | 173 | | MOTION to Clarify by David Stebbins. (jn) (Entered: 08/11/2015) |
| 08/11/2015 | 174 | 56 | NOTICE OF APPEAL as to 172 Order on Motion for Reconsideration by David Stebbins. (jn) (Unsigned Main Document 174 replaced on 8/12/2015 with signed copy) (jn). (Entered: 08/11/2015) |
| 08/11/2015 | 175 | | NOTICE OF DEFICIENCY re 173 Motion to Clarify filed by David Stebbins, 174 Notice of Appeal filed by David Stebbins. See attached document for specifics. (jn) (Entered: 08/11/2015) |
| 08/13/2015 | 176 | | APPEAL NOTICE to Counsel and Pro Se Parties re 174 Notice of Appeal filed by David Stebbins. (Attachments: # 1 Transcript Order Form)(jn) (Entered: 08/13/2015) |
| 08/13/2015 | 177 | 59 | NOA SUPPLEMENT FORM re 174 Notice of Appeal filed by David Stebbins. (jn) (Entered: 08/13/2015) |

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                    PLAINTIFF

v.                          Civil No. 12-3022

BOONE COUNTY, ARKANSAS;
and SHERIFF DANNY HICKMAN                                 DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a former inmate of the Boone County Detention Center (BCDC), brings this case asserting claims under the Americans with Disabilities Act (ADA) and 42 U.S.C. § 1983. He maintains Defendants discriminated against him in various ways because of his disability, Asperger's Syndrome,[1] and failed to make reasonable accommodations for him. Additionally, he asserts his constitutional rights were violated when Defendants failed to provide him with a safe environment.

Jury demands have been made by both sides. On April 22-April 23, 2014, a pre-trial evidentiary hearing was held to determine whether issues triable to a jury existed. At the hearing, the Court heard the testimony of the following witnesses: (1) Jason Day; (2) Danny Hickman; (3) David Stebbins; (4) Morris Davis; (5) John Edgmon; (6) Jason Baethke; (7) Robert King; (8) Tina Avery; (9) Brandon Starnes; (10) Timothy Porras; (11) Tim Roberson; (12) Rita Stebbins; and (13) Jason Jones.

---

[1]"Asberger's syndrome is a developmental disorder that affects a person's ability to socialize and communicate effectively with others." http://www.mayoclinic.org/diseases-conditions/aspergers-syndrome/basics/definition/con-20029249 (accessed July 7, 2014).

-1-

Aug 13 2015 p17

Post-hearing the parties were directed to brief the issue of exhaustion of administrative remedies. Additionally, the record was left open to allow Stebbins to submit a copy of the court order setting aside or expunging his conviction of a battery offense.

## 1. Background

On November 24, 2011, Plaintiff was in an altercation with his Father. The police arrived and Plaintiff was arrested and charged with domestic battery and disorderly conduct. As a result of his arrest, Plaintiff was placed in the BCDC.

For purposes of discussion, I will summarize the testimony of the witnesses. The summary is not meant to be verbatim.

### David Stebbins

Stebbins testified that he had been diagnosed with Asberger's Syndrome in the fifth grade. He stated that the disorder makes it difficult for him to function in social settings. He indicated that he had not been on medication for the disorder since 2008 and did not believe the lack of medication caused him any problems.

Because of his disorder, Stebbins testified that he did not often go out. Additionally, once he was incarcerated he testified the disorder made it difficult for him to decide whether fellow inmates were joking or not.

Stebbins testified he was incarcerated in the BCDC on two separate occasions. First, he was incarcerated from November 24, 2011, until March 14, 2012. He was again incarcerated there from July 27, 2012, to September 12, 2012, on a bond revocation. Prior to this, Stebbins testified he had never been incarcerated.

-2-

Stebbins testified that he was arrested by Deputy Jason C. Beathke[2] on Thanksgiving, November 24, 2011.  Stebbins called the police and Beathke was the responding deputy.  Stebbins believes Beathke arrested him and not his Father because Beathke was biased against him.  Stebbins maintains he was handcuffed and put in the squad car before Beathke even went into the house.  Stebbins testified that Beathke completely ignored his version of the events.  Based on Beathke's use of Stebbins' Mother's first name, Stebbins believed Beathke had some type of personal relationship with her.

According to Stebbins, the bias stemmed from his prior *pro se* lawsuits.  Stebbins believes Beathke conspired with his Father.  Stebbins testified that he was living with his parents at the time because he had "hit rock bottom."

According to Stebbins, his Father punched him in the face and then made slow careful cuts on his own forehead.  Stebbins suspected that his Father went to these lengths because he wanted Stebbins to quit filing lawsuits.

Prior to this, Stebbins testified he had no criminal record only a few traffic tickets.  Stebbins eventually pled nolo contendere to a misdemeanor charge of battery in the third degree.  He maintains his conviction for the misdemeanor charge of battery in the third degree has been set aside.  Stebbins has submitted an order filed May 12, 2014, granting his request to seal his file pursuant to Ark. Code Ann. § 16-93-301 (2014).  Doc. 160 at pg. 14.

While he was incarcerated, Stebbins testified he lost many lawsuits.  Stebbins maintains that as soon as Jason Jones[3] saw that Stebbins was incarcerated he started harassing him.

---

[2] Beathke is not a named Defendant.

[3] Jason Jones was voluntarily dismissed from this lawsuit on August 13, 2012 (Doc. 28).

-3-

Stebbins testified that Jones was constantly making physical threats against him and trying to get other inmates to attack him.  According to Stebbins, it was the custom of the Boone County to completely ignore inmate allegations against officers.

On November 26th, Stebbins submitted a grievance stating he had been threatened by his cell mates.  *Defendants' Exhibit* (hereinafter *Defts' Ex.*) 1.  Specifically, he reported that the inmates were threatening to beat him up if he did not respect them.  *Id.*  For his protection, Stebbins was moved.  *Id.*

In response to a November 29th grievance he submitted about Jones harassing him and retaliating against him, Stebbins was asked to be specific and describe Jones' actions.  *Defts' Ex.* 2.  The following day, November 30th, Stebbins submitted a grievance stating that he had been deprived of his right to talk to his attorney "simply because the officer hates me."  *Defts' Ex.* 3.  In response, Day wrote that Stebbins had called his attorney at 8:44 a.m.  *Id.*  Stebbins testified that the response was inaccurate because he did not speak to an attorney.

On December 14th, Stebbins testified that Jones did not allow him out of his cell for breakfast.  *See also Defts' Ex.* 4.  Stebbins stated that Jones was cursing at him, insulting him, threatening physical injury including bashing his head against the stone wall.

In response, Day noted that the statements from the inmates who witnessed the event were totally different than Stebbins' report.  *Defts' Ex.* 4.  Stebbins testified that several of the witnesses were shady and in his view the investigation was shabby and lazy.  *Id.*

That same day, Stebbins submitted a grievance asking for an immediate response.  *Defts' Ex.* 5.  He asserted that he was being harassed by the inmates.  *Id.*  In response to the grievance,

-4-

Day wrote that Stebbins was moved for his peace of mind. *Id.* Stebbins testified that the move was just to the top tier in a different cell and it did not help.

Stebbins testified that the following day was hectic and things got out of hand. Stebbins reported that his dinner tray was stolen but Jones responded that he was told Stebbins' had given it away.

As he was mopping up spilled juice, Stebbins stated he was being harassed. *Defts' Ex.* 6. The mop bucket was pushed in front of Stebbins and he pushed it back at Inmate Newman. *Id.* In response Stebbins said that Newman took the wringer portion of the mop bucket and threw it at Stebbins' face breaking his glasses and giving him a black eye. *Id.* In addition to the black eye, Stebbins had two small lacerations. *Court's Ex.* 1 at pg. 14 (color photograph).

Criminal Investigation Division (CID) investigator Bob King investigated the incident and it was determined that both Stebbins and Newman would be charged with disorderly conduct. *Defts' Ex.* 6. Newman was also charged with battery in the third degree for the injuries Stebbins sustained. *Id.*

On December 19th, Stebbins submitted a statement form in which he complained of constant harassment by other inmates which included mopping around his feet, spraying him with glass cleaner, and pelting him with food particles. *Defts' Ex.* 6.

On February 6, 2012, Stebbins submitted two separate grievances complaining that Inmate Edgmon was making profanity laced insults towards Stebbins and had threatened to kill him. *Defts' Exs.* 8 & 9. In response, Stebbins testified that he was moved to B pod and given one of the only single cells in the jail.

-5-

Stebbins testified he was interrogated about Asberger's Syndrome.  He did not ask for any accommodation because he believed it was so obvious that he needed it.  He points out the harassment and threats he had to endure.  He asserts that he should not be punished for conduct caused by his disease.  It is his belief that he was punished for having the disorder.

**<u>Jason Day</u>**

Jason Day testified that he is the jail administrator of the BCDC.  On November 26th, Day wrote the following memo:

> David Stebbins was brought to our facility for intake.  Officer Jason Jones called me and said Stebbins had sued him before and that he wanted limited dealings with him.  Jones stated he felt this would be best because of how Stebbins is so quick to file frivolous lawsuits and has issues with Jones.
>
> I advised Jones to have limited dealings with Stebbins as his job would allow.

*Plaintiff's Exhibit* (hereinafter *Plft's Ex.*) A(2).  Day testified that Jones had to do his job but that it would be best to let other guards go through the pod.  Every time Jones got in Stebbins' vicinity, Day testified that Stebbins would complain that Jones looked at him wrong, threatened him, badgered him, or assaulted him.

The BCDC has a video surveillance system.  There is no audio.  Video footage can be viewed at pod control.  There was also an intercom system but they had some problems with it.

If there was something that needed to be investigated, the issue was turned over to the CID.  CID keeps records of their investigations.

When Day would view the camera footage, all he saw was guards doing their jobs.  Day stated that BCDC personnel do not always make a notation that video footage had been

-6-

reviewed. Video footage is preserved if it shows a dangerous situation such as a fight or something like the mop bucket incident.

On December 14th, Stebbins submitted a grievance maintaining that Jones had deprived him of breakfast by not releasing his door until it was too late to eat. *Plff's Ex.* B(1)(c). Stebbins also asserted that Jones continued to be biased against him. *Id.*  According to Day, Stebbins reported that Jones had threatened to kill Stebbins and said that Stebbins would not be able to walk out of the jail.  Day indicates two or three statements from other inmates directly contradicted Stebbins' version of the events.  Day could not recall if this grievance was sent to CID for investigation.

Day recalled that on December 15th a mop bucket was thrown in Stebbins' face.  There were four guards on duty.  Two guards responded and one of the two was Jones.  Day testified that Jones did have minimal contact with Stebbins but it was his job to break up a fight.  In Stebbins' case since he maintains the Defendants were biased, the incident was turned over to CID for investigation.

Day testified that they were constantly moving Stebbins for his own protection.  The inmates would tell the guards that they had to get Stebbins out of there or there was going to be an issue.  Stebbins would get in verbal altercations.  When other inmates complained and made threats against Stebbins he would be moved for his own safety.  Day indicated they had nothing but problems with Stebbins.

Day testified he knew Stebbins had Asberger's Syndrome.  Day indicates Stebbins advised the BCDC either when being booked in or shortly thereafter.  However, Day could not recall Stebbins asking for any kind of accommodation.

-7-

Stebbins was in the BCDC on two separate occasions. While they had made accommodations for individuals with physical disabilities, this was the first time someone with this developmental disorder was incarcerated at the BCDC.

Day testified that he had Stebbins in his office two or three times. During these visits, Stebbins would go off on tangents. Stebbins reported Jones was harassing him but Day could never get Stebbins to give him any specifics regarding the harassment. Day interview inmates and officers but no one recalled Jones harassing Stebbins.

On February 21, 2012, Stebbins complained about Deputy Mendez's conduct during a visitation Stebbins was having with his Mother. The grievance, *Plff's Ex.* E(8), indicates that Stebbins complained because his Mother was unable to hear him. Stebbins asked to be moved to another visitation station. Mendez initially refused to move her because he said he tested the equipment himself and it was fully operational. According to Stebbins, Mendez threatened to cancel the visitation. Stebbins asserted that Mendez was retaliating against him. Eventually, after Stebbins threatened to file a grievance, Mendez moved Stebbins' Mother.

Day testified that he believed they moved Stebbins six or seven times to different cells and/or different cell blocks. Every time he was moved, Stebbins would have trouble. The BCDC has three one man cells and two intoxication tanks. Day told Stebbins he could be put in a one man cell but Stebbins never asked to be moved there.

### **Danny Hickman**

Hickman testified hat he was the County Sheriff during Stebbins' incarceration. Hickman served as the Sheriff for fourteen years. Day, as jail administrator, helped put together the main part of the BCDC's policies. However, his work had to be approved by Hickman. If

-8-

there was a complaint against Day, Hickman testified it would be handled by Chief Deputy Roberson and would eventually come to him as Sheriff.

Hickman testified that officers go a twelve week training course at the Law Enforcement Academy in Camden, Arkansas.  After an officer is hired, the county has one year to send the new officer for training.  A portion of the twelve week training course covers not letting anger, bias, or prejudice influence an arrest or any other action.

Hickman testified that each arrest is different.  Hickman stated that the officers have to secure the person being arrested as well as the scene.  Hickman testified that the arresting officer has some input into the amount of bond set; however, the bond was set by either the prosecutor or the judge.  Hickman stated that he knew Stebbins had been arrested and charged with domestic battery in the second degree and pled to a misdemeanor charge of domestic battery in the third.

Prior to Stebbins' complaint, Hickman could not recall receiving any complaints against Baethke.  Hickman testified that Baethke was a good hard working officer.  Following his arrest, Stebbins submitted a complaint.  *Plff's Ex.* D(2)(b).  While Hickman could not actually recall Stebbins' letter complaint, he testified that it was his belief that it would have been turned over to Roberson for investigation.

During the period of time Stebbins was incarcerated there, Day stopped by the Sheriff's office a few times.  Hickman could not recall anything being said about Asperger's Syndrome

-9-

### Morris Davis

Davis is currently incarcerated in the Arkansas Department of Correction.  On December 14, 2011, Morris testified he was incarcerated in the BCDC.  In fact, Morris indicated he had been incarcerated at the BCDC for three years.

On December 14th, Davis was sitting on a table in C-pod.  Davis testified he heard a commotion coming from B-pod.  He stated that he heard Jones scream out Stebbins' name.  Davis reported that he heard Jones say: "You [expletive omitted] I will beat you so hard you will be lucky to crawl out of here."  Davis testified he heard Jones say that Stebbins had filed a lawsuit against him.  Davis also indicated he was aware of the fact that other inmates had threatened Stebbins.

Davis testified that Stebbins was in his cell for a period of time.  According to Davis, Stebbins was "not working with a full deck."  Davis said Stebbins would get nervous and upset and his agitation was shown through his body language.  Davis believed that Day should have found out what Stebbins' problem was.

### John Edgmon

Edgmon testified that he at one point had a disagreement with Stebbins.  Edgmon could not independently recall Jones yelling at Stebbins in B-pod on December 14th.  However, he did recall writing a statement over the incident where Stebbins contended his cell door was never opened so he could eat.  *Plff's Ex.* B(2)(c).  Jones' contention was that the cell door had been unlocked but Stebbins had not come out to get his tray.  *Id.*  When Jones left, Edgmon wrote that Stebbins said Jones did not know who he was messing with and that Stebbins had something for Jones.  *Id.*

-10-

Edgmon testified he was in the same pod when the mop incident occurred.  Edgmon stated that Stebbins threw the mop bucket at another inmate and it was thrown back.  He recalled that Plaintiff was taken to be medically checked out.

According to Edgmon, there was more than one occasion when Stebbins did not come out of his cell to get breakfast saying that he did not want it.  Breakfast was at 3:30-4:00 am. The meals were brought into the pod.

### Jason Beathke

Beathke testified that he is currently a trooper with the Arkansas State Police.    In November of 2011, he was employed by the Boone County Sheriff's Office.

Beathke recalled arresting Stebbins on November 24, 2011.  Stebbins called and reported being punched in the face.  When Beathke arrived at the home at approximately 10:55 pm, Stebbins' Father was on the front porch.

Stebbins told Beathke that his Father had punched him in the face and then cut himself so he would not go to jail.  The Father reported that Stebbins was angry because he had cut off his Internet access.  He stated that Stebbins came into the bedroom and tried to stab him.  The Father indicated he had used a pillow as a shield.

Beathke testified that he was aware of the fact that Stebbins had a disability.  Beathke had responded to the house on another occasion on a complaint of loud music.

Beathke testified that he walked through the home for thirty to forty minutes looking for evidence.  He found a pillow with blood on it, saw some blood stains on the floor, and found a ten inch long kitchen knife with a serrated edge. The knife had blood on it.  Pictures were taken of blood stains on the floor and of the pillow.

-11-

Beathke testified that Stebbins was rambling, very emotional, and did not tell a consistent story.  Based on the evidence, Beathke made the decision to arrest Stebbins.

**Bob King**

King testified he is Captain of the CID of the Boone County Sheriffs Department.  At the request of Day, King investigated the incident between Stebbins and Newman involving the mop bucket.  *See Court's Ex.* 1.

King testified he reviewed camera footage of the incident.  He interviewed two inmates and had two statements from jail staff.  King also interviewed both Stebbins and Newman.  Stebbins reported that he was getting upset and flailing his arms.  Stebbins admitted flinging the bucket at Newman.

King indicated his understanding of the incident was that Newman caught the wringer and deflected it back using force.  Newman said it merely bounced off his arms.  Based on the video, King concluded that Newman's version of the events was not totally accurate.  King charged both Stebbins and Newman with disorderly conduct and also charged Newman with battery.  *See Plff's Ex.* A(3); *Court's Ex.* 1.

When King interviewed Stebbins about the mop bucket incident, Stebbins told King about Jones threatening him and about the harassment he had been enduring.  Normally an internal investigation had to be authorized by the Sheriff.  However, King considered this to be part of Stebbins' allegations regarding the mop bucket incident. Stebbins reported that Jones had threatened him with physical harm .  King found Stebbins' allegations with respect to Jones to be unsubstantiated.  King testified that he took statements from inmates and jail staff.  King did not review any camera footage.

-12-

**Tina Avery**

Avery testified she had been a corporal at the BCDC.  She could not recall whether in December of 2011 she and Jones were of the same rank or if he was under her.

At times, Avery testified that she and Stebbins got along.  Avery knew that the control room was referred to as the bubble.  In fact, she testified Stebbins had on occasion called her the bubble lady.

Avery testified that the control room is at the center of the jail.  It is surrounded by the pods and B-pod is about eight feet from the control room.  Avery testified that Jones' conduct never raised any red flags for her.  Although there are sometimes raised voices, Avery testified that if she heard an employee threaten to beat an inmate, she would report it.

On December 15th, an altercation in B-pod was reported.  At the time, Avery was looking under the desk in an effort to determine why the computer and power box were not functioning properly.  Jones went to B-pod and directed Newman and Stebbins to stay away from each other and advised Stebbins that he could stay in his cell if he felt safer.  It took no more than three to four minutes to get the situation under control.  It was BCDC protocol to escort the inmate to holding.  The next morning, after consulting Sergeant Silva, Stebbins was moved into G-pod. *See Defts' Ex.* 19.

Avery had no recollection of the incident where Stebbins alleged Jones did not release his cell door so that he could get out to eat his breakfast.

**Brandon Starnes**

Starnes testified that he is a sergeant at the BCDC.  Starnes sated that he had no recollection of he and Stebbins having an issue.  Starnes could recall several instances of Avery

-13-

and Stebbins being involved in a verbal back and forth. Additionally, Starnes testified there were several disrespectful grievances.

Starnes recalled Avery locking Stebbins down in December of 2011. He believed it was because Stebbins was disrespectful in a grievance he wrote to Avery. Starnes testified that Avery was very justified in locking Stebbins down. Starnes indicated Avery had the right to lock down a disrespectful inmate for two days.

According to Starnes, all inmates had the right to submit grievances. If an inmate did not agree with the response he received, there was a procedure to appeal the decision.

**Timothy Porras**

Porras testified that he was a detention officer at the BCDC. There are no firearms allowed in the detention center. Properly certified personnel were allowed to carry tasers and spray.

**Tim Roberson**

As Chief Deputy, Roberson testified he is over the captain who supervises patrol deputies. Roberson indicated he had not seen the November 24, 2011, report regarding Stebbins' arrest.

After reviewing the report, Roberson testified he would have been upset if Beathke had not charged Stebbins with battery in the second degree. Roberson noted that Beathke also did a probable cause report. Roberson stated it was not unusual for an officer to include more detail in a second report.

Roberson testified he was not aware of any allegations of bias being made against Beathke. In fact, Roberson testified he was not aware of any complaints of any kind being made

-14-

against Beathke while he was at the BCDC.  Any such complaints would start with the line supervisor.  If the issue was serious, it would move up the chain of command.

Roberson testified that the Sheriff's Office has a code of ethics.  *Defts' Ex.* 20.  Each officer signs the law enforcement code of ethics.  Roberson did not know if jail guards were given the same policy.  Roberson stated that officers have been disciplined for violating policies.

Roberson had never seen a letter Stebbins wrote to Sheriff Hickman about Beathke's decision to arrest Stebbins and not his Father.  *See Plff's Ex.* D(2)(b).  However, upon reviewing it, Roberson would not have considered it a complaint; rather, he considered it a disagreement with Beathke's decisions.

### **Rita Stebbins**

Rita Stebbins testified that she is Stebbins' Mother.  Rita[4] testified that a lot of Stebbins' conduct stems from his Asberger's Syndrome.  Rita described it as being a social disability.  She testified that Stebbins was easy to anger.  There were times when he immediately exploded.

She testified that there were several incidents of Stebbins assaulting family members.  She indicated Stebbins had animosity towards his Father.  She recalled that he would argue with his sister.  One time, Rita stated Stebbins came out and started hitting her over the head with a fishing rod.  On another occasion, Rita testified that Stebbins assaulted her in the kitchen.  At the time, she had been trying to correct Stebbins.  He got so angry that his mind blocked out what he was doing.

---

[4]To avoid confusion, the Court will refer to Rita Stebbins by her first name.

Several years ago, Rita testified that Stebbins became upset about a meal they were eating at Silver Dollar City. The incident resulted in Stebbins' Father striking him a couple of times. She testified that her husband had a restraining order against Stebbins.

In 2011, Rita indicated that she and Stebbins' Father had allowed Stebbins to live with them but he had to sign a written agreement. On November 24, 2011, Rita testified she was not at home when the altercation between Stebbins and her husband occurred. She was at work. She went home at 11:00 p.m. when she got off work. The only one at the house at that time was her husband.

Rita remembered there being blood stains on the wall in the computer room and probably on the carpet. There was also a small amount of blood on a pillow.

Rita testified that her husband had lacerations from his forehead to the mid-crown. He now has scars on his scalp. The scars can be seen because he is going bald. She testified that one scar was about two inches long. Her husband refused to go to the hospital the evening of the incident. She testified the cuts were superficial but since the layer of epidermis is so thin scars resulted.

She referred to the knife used as a flimsy bread knife. To Rita, the selection of this knife indicated that not a lot of thought had gone into it. Despite it being flimsy, Rita testified the knife was capable of inflicting serious injury. She also noted that Stebbins had no background in the use of weapons.

Rita believes Stebbins attacked his Father. However, she also believes that Stebbins was convinced that it occurred the way he stated.

-16-

As to whether Beathke knew her, Rita testified that he had never visited in her home but probably knew her first name because she had been employed as a cashier in a number of businesses over the years.

**Jason Jones**

Jones testified he was a former jailer at the BCDC and owner of a local professional wrestling business.  Stebbins had previously sued Jones in connection with the business alleging a failure to accommodate him under the ADA.  Jones testified that the case was settled for nuisance value.

Jones testified he was working as a jail guard when Stebbins was arrested.  At the time, Jones' shift started at 6:00 a.m.  As an officer, Jones testified you are there to uphold the law, enforce policies, and to tell  the truth.  Jones stated that everyone has a right to file grievances.

On Stebbins' first full day in jail, Jones indicated he went into the holding cells to administer medication.  According to Jones, Stebbins did a "double flip off" towards Jones by extending the middle finger on both hands.  Jones spoke with Day and made a request to have minimum contact both verbally and physically with Stebbins.  *Plff's Ex.* A(2).

With respect to Stebbins' claim that Jones deprived him of breakfast on December 14th, Jones testified that it was simply not true.  Jones stated that breakfast is served in different pods at different times.  Inmates are given notice via intercom that it is breakfast time and the cell doors are released one tier at a time.  If an inmate does not get up and get it, they are not offered breakfast a second time.  Jones testified that Stebbins slept in that day.

-17-

Jones testified that he did his best to walk on egg shells around Stebbins.  Jones knew Stebbins had filed a number of lawsuits.  With respect to Edgmon, Jones stated that he attended the same school but was two years older.

Jones testified he never threatened Stebbins with physical injury.  Jones stated he never urged other inmates to hurt Stebbins.  He indicated you had to take Stebbins with a "block of salt."

On December 15th, Jones was in the control room when the intercom button in pod B-8 went off.  *Court's Ex.* 1 at pg. 9.  Stebbins reported that he was being harassed and had been hit with a mop bucket.  *Id.*

Jones testified that a male guard usually responded to any altercation between male inmates.  It was understood that the guard closest would respond.

Jones went to B-pod to see what the situation was.  *Court's Ex.* 1 at pg. 9.  He told Stebbins and Newman to separate.  *Id.*  Stebbins had a scratch below his eye and Jones advised him to wash it off.  *Id.*  He gave Stebbins an iodine wipe and antibiotic ointment.  *Id.*

Jones then spoke with both inmates.  *Court's Ex.* 1 at pg. 9.  According to Jones, the following was reported to him:

> **Inmate Newman** said that when the told Stebbins not to sling the mop on the window he had just cleaned, that Stebbins started swinging the mop and toilet brush around and hit him with the toilet brush.  Newman then pushed the mop bucket at Stebbins.  Stebbins flipped the top of the mop bucket off at Newman.  Newman blocked it by sticking his arm out and the bucket top bounced back hitting Stebbins in the cheek area (below the eye)

> **Inmate Stebbins** said that he did strike inmate Newman with the toilet brush and then Newman hit him with the mop bucket.  and this was a conspiracy of the other inmates in B-pod were out to get him

-18-

*Id.*

Jones testified that six people in the pod stated this was how the incident occurred. *Court's Ex.* 1 at pg. 9.   He interviewed two inmates outside the pod and the others in their cells.

## 2.  Applicable Standard

A pretrial evidentiary hearing may be utilized to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Johnson v. Bi–State Justice Center, 12 F.3d 133, 135 (8th Cir. 1993)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). When both sides present evidence, the procedure "resembles a summary judgment motion with live evidence." Id.  The Court must avoid credibility determinations, believe the Plaintiff's evidence, and draw all justifiable inferences in the Plaintiff's favor. Id. at 136.

## 3.  Discussion

As noted above, Stebbins contends the Defendants violated the ADA by not making reasonable accommodations for him.  He also contends his civil rights were violated.

## (A).  The ADA

"Title II [of the ADA] provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010)(citation omitted). The ADA applies to correctional facilities.  *See Pennsylvania Department of Corrections v. Yeskey*, 524 US. 206 (1998)(Applying Title II of the ADA to prisons).  "[D]eliberate refusal of prison officials to accommodate [an inmate's] disability related needs in such fundamentals as

-19-

mobility, hygiene, medical care, and virtually all other prison programs" may constitute a violation of Title II." *United States v. Georgia*, 546 U.S. 151, 157 (2006).

Reasonable accommodations must give a disabled prisoner meaningful access to the prison program in question. *Alexander v. Choate*, 469 U.S. 287, 301 (1985).

> Of course, the right to reasonable accommodations is not absolute. Correctional facilities are not liable for failing to provide accommodations which were not requested, nor are they required to provide preferential treatment to disabled inmates. Moreover, a defendant may defeat a Title II claim by demonstrat[ing] that the requested accommodations would constitute an undue burden. Title II does not require jails or prisons to take actions that unduly jeopardize their safety and security.

*Maxwell v. Olmsted County*, 2012 WL 466179, 6 (D. Minn. 2012)(citations and internal quotations marks omitted); *see also Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999)(detention facility "cannot be found liable for failing to provide unsolicited accommodations").

Here, Stebbins did not ask for reasonable accommodations. Instead, he maintains his need for reasonable accommodations should have been obvious because of the repeated problems he was having. As a matter of law, Stebbins claim fails. Under the ADA, Stebbins must request reasonable accommodation.

Moreover, Stebbins concedes he was moved multiple times following verbal altercations with, or threats made by, inmates. Stebbins does not suggest what other accommodation could conceivably be made.

-20-

### (B).  Exhaustion of Administrative Remedies

Defendants raised at the hearing for the first time the issue Stebbins' failure to exhaust his administrative remedies.  Specifically, they maintain that Plaintiff never appealed any of the grievance responses.

Stebbins maintains inmates were not given the slightest notice that such a remedy exists.  However, he concedes the grievance forms themselves state that an inmate may appeal a response.  He asserts that he was completely unaware of the fact that there was any appeal of Day's decisions.

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), mandates exhaustion of available administrative remedies before an inmate files suit.  Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Exhaustion is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).  In *Jones v. Bock,* 549 U.S. 199 (2007), the Supreme Court concluded that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules."  *Id.* at 218 (internal quotation marks and citation omitted).  The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id.*  "[F]ailure to exhaust available administrative remedies is an affirmative defense, not a matter of subject matter jurisdiction."  *Lenz v. Wade*, 490 F.3d 991, 993 n. 2 (8th Cir. 2007).

-21-

A number of grievance forms have been submitted to the Court as exhibits.  The appeal language on some forms says: "If you would like to appeal the response; you may do so by filling out another Grievance and it will be decided by the Sgt. or Cpl. that shift and/or Jason Day (Jail Administrator).  *See Defts' Exs.* 1-2, 4-5, 8-12, 14-17.  This statement is the same whether or not the form was signed by Day as the responding officer.  *See Defts' Exs.* 2, 4-5, 15.

Other forms say: "If you would like to appeal the response; you may do so by returning this form with the back section completed.  The Appeal will be decided by Corporal Neckles or Jason Day (Jail Administrator)."  *Defts' Exs.* 3, 13,  Again the statement appears at the bottoms of forms signed by Day as the responding officer.  *Defts' Ex.* 3.

Given these ambiguities, the Court declines to decide this case based on the exhaustion of remedies defense.  At least with respect to the grievance forms signed by Day as responding officer, it is readily understandable why Stebbins did not believe there was another level of review.

### (C) Eighth Amendment Claim

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833 (1998)(citation omitted).  The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

In this circuit, the deliberate indifference standard of the Eighth Amendment is applied to all conditions of confinement claims whether the claims are brought by a pretrial detainee or a convicted prisoner.  *See Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006)(deliberate

-22-

indifference standard of the Eighth Amendment applies to all claims that prison officials failed to provide adequate food, clothing, shelter, etc.); *Hall v. Dalton*, 34 F.3d 648, 650 (8th Cir. 1994)("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment.  U.S. Const. amend. VIII.   The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996).  Jail or prison officials must provide reasonably adequate ventilation, sanitation, bedding, hygienic materials, food, utilities, and safety.

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element.  *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004)(*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).   "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities.   The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner" *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted).  Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." Id.  The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

Taking as true the testimony of Stebbins and the witnesses he called, there are no issues of fact triable to the jury.  The undisputed testimony reveals that:  Stebbins was moved on a

-23-

number of occasions to different pods and/or cells because of verbal altercations with inmates or threats of physical injury; Jones' request to have minimal contact with Stebbins was honored to the extent it could be; and CID was called upon to investigate the mop bucket incident as well as Stebbins' claim regarding Jones' conduct.

Moreover, the claims asserted by the Plaintiff are official capacity claims against Sheriff Hickman and Boone County. Of course, "[c]laims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights." *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998)(internal quotation marks and citation omitted).

"An official policy is a deliberate choice to follow a course of action made from among various alternatives by an official who is determined by state law to have the final authority to establish governmental policy." *Elder-Keep v. Aksamit*, 460 F.3d 979, 967 (8th Cir. 2006)(internal quotation marks and citation omitted). "Alternatively, liability may be established through proof that the alleged misconduct was so pervasive among the non-policy making employees of the [County] as to constitute a custom or usage with the force of law." *Crawford v. Van Buren County,* 678 F.3d 666, 669 (8th Cir. 2012)(internal quotation marks and citation omitted). Additionally, there must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Alexander v. Hedback*, 718 F.3d 762, 766 (8th Cir. 2013)(citation omitted).

Contrary to Plaintiff's belief, Defendants are not liable under § 1983 for "everything and anything" occurring at the facility. The Defendants cannot be held liable solely based on the actions of its employees. *Kuha v. City of Minnetonka*, 365 F.3d 590, 603 (8th Cir. 2003). Nor

-24-

can Defendants be held liable based on his general responsibility for supervising the actions of the prison. *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). Stebbins failed to produce any evidence suggesting that an "unconstitutional policy or custom [caused] a constitutional violation of a federally protected right or privilege." *Elder-Keep*, 460 F.3d at 987.

### 4.  Conclusion

For the reasons stated, I recommend this case be dismissed with prejudice based on Stebbins' failure to establish that there on any issues of fact triable to a jury.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of July 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-25-

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                    PLAINTIFF

v.                          Case No. 3:12-CV-03022

BOONE COUNTY, ARKANSAS
and SHERIFF DANNY HICKMAN                          DEFENDANTS

OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R & R") (Doc. 162)

of the Honorable James R. Marschewski, United States Magistrate for the Western District

of Arkansas, filed in this case on July 11, 2014.[1]  Judge Marschewski held an evidentiary

hearing in this case on April 22-23, 2014, in order to determine which, if any, issues in this

case were triable to a jury.  Thirteen witnesses were called during the hearing, including

Plaintiff David Stebbins and Defendant Sheriff Danny Hickman.  Following the submission

of the R & R by the Magistrate, Mr. Stebbins filed 40 pages of objections on July 25, 2014

(Doc. 165).  The Court has reviewed the entire record in this case *de novo*, pursuant to 28

U.S.C. § 636(b)(1), including the Complaint, the Amended Complaint, the Answer, the R

& R, and Mr. Stebbins' objections.

Mr. Stebbins generally contends that Judge Marschewski made and relied upon

certain credibility determinations concerning witnesses who testified at the two-day

---

[1]Mr. Stebbins attempted to appeal the Magistrate's R & R immediately after it was filed,
and prior to the conclusion of the 14-day objections period.  *See* Doc. 163.  The Eighth
Circuit's Judgment and Mandate were issued on August 25, 2014, denying Mr. Stebbins
leave to proceed *in forma pauperis*.  On December 4, 2014, Mr. Stebbins filed a petition
for writ of *certiorari* with the United States Supreme Court, which was denied on February
10, 2015.

-1-

evidentiary hearing.  (Doc. 165, pp. 4-5).  Although no written transcript of the hearing was created, the Court was provided with an audio recording of the proceedings, which the Court reviewed for purposes of making independent determinations as to the evidence presented.  *Accord Taylor v. Farrier*, 910 F.2d 518, 521 (8th Cir. 1990) (finding that *de novo* review of a magistrate's evidentiary hearing requires district court to read full transcript or other verbatim record of proceedings).

While the Eighth Circuit has approved the use of a pretrial evidentiary hearing to assist in a court's preliminary review of a *pro se* inmate's 42 U.S.C. § 1983 claims, the Court of Appeals has "stressed that such a hearing must be consistent with the plaintiff's right to a jury trial."  *Hobbs v. Lockhart*, 46 F.3d 864, 868 (8th Cir. 1995).  "Even if both sides present evidence, so that the procedure resembles a summary judgment motion with live evidence, the standard remains the same—'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Johnson v. Bi-State Justice Ctr.*, 12 F.3d 133, 135 (8th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  "In either case, the court must apply the proper standard of proof, avoid credibility determinations, believe the inmate's evidence, and draw all justifiable inferences in the inmate's favor." *Id. (*citing *Anderson*, 477 U.S. at 255).

Despite resolving all factual disputes in Mr. Stebbins' favor, the Court finds after consideration of the written record and the recording of the evidentiary hearing that Mr. Stebbins' objections offer neither law nor fact requiring deviation from the Magistrate's recommendations.  Accordingly, the R & R (Doc. 162) will be **ADOPTED**.  Below, the Court

addresses each of Mr. Stebbins' specific objections to the R & R and explains why his claims fail as a matter of law.

## I.   OBJECTION ONE: MAGISTRATE'S BIAS

Mr. Stebbins' first objection to the R & R is that Judge Marschewski "has repeatedly demonstrated that he hates Petitioner's guts and wants Petitioner out of his hair." (Doc. 165, p. 2).[2]  Mr. Stebbins accuses the Magistrate of "repeatedly tak[ing] forever to rule on simple motions . . . mak[ing] up defenses . . . that the opposing parties never raised . . . completely ignor[ing] . . . various legal arguments that Plaintiff cites to support his claims . . . [and] [a]t the evidence hearing, he would repeatedly hold Plaintiff to blatant double standards." *Id.* at p. 2.

Having reviewed the complete record in this case, including the recording of the evidentiary hearing, the Court finds Mr. Stebbins' objection as to the Magistrate's bias to be without merit.  Accordingly, the Court will turn to Mr. Stebbins' substantive objections

## II.   OBJECTION TWO:  DISMISSAL OF AMERICANS WITH DISABILITIES ACT ("ADA") CLAIMS

The Magistrate recommends that Mr. Stebbins' ADA-related claims be dismissed

---

[2] The Court also observes here that Mr. Stebbins' objections to the R & R are littered with wholly inappropriate personal attacks against the Magistrate. *See, e.g.*, Doc. 165, pp. 38-39 ("*LET'S SAY THIS, ONE MORE TIME, JUST IN CASE It DID NOT SINK IN: THE MAGISTRATE JUDGE IS A FILTHY LIAR, FRIVOLOUSLY CLAIMING THAT PLAINTIFF HAS NOT SHOWN 'ANY EVIDENCE,' WHEN HE VERY CLEARLY HAS!  JUST BECAUSE THE MAGIS-TRATE* [sic] *JUDGE MADE THE CONSCIOUS CHOICE TO NOT INCLUDE IT IN HIS REPROT* [sic] *DOES NOT MEAN PLAINTIFF DID NOT PRODUCE IT! THE MAGISTRATE JUDGE IS SIMPLY A LIAR!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!*"). As the instant Opinion and Order dismisses this case with prejudice, the Court will not take the time to address Mr. Stebbins' improper tone and language here; however, Mr. Stebbins is admonished that if he chooses to appear before this Court *pro se* in a future case, he will be expected to conform his pleadings to norms of decency and decorum as are expected of all *pro se* litigants.

Aug 13 2015 p44

with prejudice.  It appears from the face of the Complaint that Mr. Stebbins believes certain jail personnel knew he had Asperger Syndrome, a developmental disorder, but "failed to accommodate it." (Doc. 1, p. 2).  He sets forth numerous examples of alleged abuse and harassment by jail guards, surmising that most, if not all of these anecdotes, illustrate illegal discrimination or retaliation against him due to his disability.  In one example, (Doc. 1, p. 16, "Example #409"), Mr. Stebbins recounts being booked into the Boone County Detention Center ("BCDC") and informing the staff about his Asperger Syndrome at that time.  He suggests that when he told the staff about his condition, he was then "entitle[d] to reasonable accommodations."  *Id.*  He goes on to explain that his particular manifestation of Asperger Syndrome makes him "tactless" and given to rule-breaking behavior.  He states, however, that "but for the disability," he would not break prison rules. *Id.*  He concludes by suggesting that jail personnel should have accommodated his disability by "being patient and understanding," "not punishing him for breaking a rule," and giving him "a good bit of leeway."  *Id.*

As an initial matter, the Court observes that the Complaint's description of the nature of Mr. Stebbins' particular disability and the ADA claims related thereto are confusing and unclear.  It appears to the Court, therefore, that at least one of the purposes of the two-day evidentiary hearing was to enable the Magistrate to parse through these dozens of claims and determine which set forth a prima facie case for disability discrimination, and which did not.

The Court's own review of the Complaint (Doc.1) indicates that while Mr. Stebbins was incarcerated for a 45-day period at the BCDC, he was subjected to treatment he characterizes as "harassment" or "punishment" at the hands of jail personnel due to his

disability.   In his Amended Complaint (Doc. 6), he characterizes some incidents as "terroristic threats."   *See* Doc. 6, p. 1.   The Court will not undertake an exhaustive recounting of each of these incidents but observes generally that not every physical or mental condition qualifies for protection pursuant to the ADA.

The ADA's enabling statute at 42 U.S.C. § 12132 provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."   According to the Supreme Court's decision in *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 213 (1998), the ADA applies to services and programs provided to inmates at correctional facilities.   Therefore, "[t]o state a prima facie claim under the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999).   "Defendants may demonstrate as an affirmative defense that a requested accommodation would constitute an undue burden."   *Gorman v. Bartch*, 152 F.3d 907, 911 (8th Cir. 1998).

First, it is unclear to the Court whether Mr. Stebbins' Asperger Syndrome constitutes a disability under the ADA.   The National Institute of Neurological Disorders and Stroke defines Asperger Syndrome as an autism spectrum disorder characterized by repetitive routines or rituals, peculiarities in speech and language, socially and emotionally inappropriate behavior and the inability to interact successfully with peers, problems with non-verbal communication; and clumsy and uncoordinated motor movements.   *See*

*http://www.ninds.nih.gov/disorders/asperger/asperger.htm*.

Mr. Stebbins asserts that when he "was first booked into the jail, [he] informed the staff about [his] Aspergers," and "[t]they accepted that [he] has it." (Doc. 1, p. 16).  As Asperger Syndrome is a spectrum disorder that manifests itself differently from person to person, it is not clear whether Mr. Stebbins' particular disorder impacts a major life activity such that it qualifies for protection under the ADA, nor is it clear whether jail officials understood the nature of Mr. Stebbins' particular form of Asperger Syndrome and the sorts of accommodations he desired.

Assuming without deciding that Mr. Stebbins' condition is, in fact, covered by the ADA, Mr. Stebbins states that he requested accommodation in the form of his jailors "being patient and understanding" and "not punishing him for breaking a rule." *Id.*  Even if the Court were to assume that BCDC staff were aware of Mr. Stebbins' condition and these particular requests for accommodations, the Court finds that they are inherently unreasonable in the jail setting.  Allowing Mr. Stebbins to break rules does not afford the BCDC the ability to achieve its overarching goals of securing prisoner safety and maintaining order.  Mr. Stebbins states that he was mistreated or treated unfairly while housed at the BCDC and then claims in conclusory fashion that his disability was the cause of this maltreatment.  Setting aside whether any of these incidents are tantamount to exclusion from or deprivation of the benefits of jail services normally available to every inmate, Mr. Stebbins has not presented any facts to show a causal link between his claimed disability and his treatment by jail personnel at the BCDC.  He has therefore failed to establish as a matter of law a prima facie case for ADA discrimination, even assuming all facts in his Complaint occurred just as he stated.

The incidents of harassment, abuse, or poor treatment at the hands of inmates, if such incidents were causally connected to Mr. Stebbins' Asperger Syndrome, were addressed by BCDC personnel, as the Magistrate noted in the R & R.  Mr. Stebbins admits he was moved multiple times to different jail cells within the BCDC during his incarceration, apparently in response to verbal altercations or threats involving Mr. Stebbins and other inmates.   To the extent Mr. Stebbins' developmental disorder caused him to have difficulties in engaging in social interactions with other inmates or to become a target for abuse or harassment by other inmates, the Court finds—and Mr. Stebbins concedes—that BCDC officials were not deliberately indifferent to his concerns and in fact moved him to different cells or cell blocks a total or six or seven times. The Court agrees with the Magistrate that there is no evidence—and indeed Mr. Stebbins does not maintain—that he directly asked for other reasonable accommodations.

Considering the reasoning above and in the R & R, all ADA claims made by Mr. Stebbins are **DISMISSED WITH PREJUDICE** for failure to state a claim.

### III.  OBJECTION THREE:  FALSE ARREST

Next, Mr. Stebbins objects that his false arrest claim was never discussed by the Magistrate in the R & R and is meritorious.  Mr. Stebbins contends that Boone County has a custom or policy of arresting citizens without probable cause in retaliation for engaging in statutorily protected activity—namely, in Mr. Stebbins' case, for filing a large number of civil lawsuits against county officials.  Mr. Stebbins was arrested and ultimately convicted on a charge of domestic battery for stabbing his father in the face with a kitchen knife.[3]

---

[3] The Magistrate noted in the R & R that "the record was left open to allow Stebbins to submit a copy of the court order setting aside or expunging his conviction of a battery

Mr. Stebbins' own recounting of the incident is that his father inflicted the knife wounds on himself ("the cuts had to be slow and careful, rather than the result of a malicious knife attack"), and the arresting officer "never bothered to consider the small amount of blood, the lack of severity of the cuts . . . or a potential affirmative defense that [Mr. Stebbins] brought to his attention." (Doc. 1, p. 3). Mr. Stebbins' mother, Rita Stebbins, testified at the evidentiary hearing that after the altercation in question, there was blood on the wall, the carpet, and on a pillow. (Doc. 162, p. 16).

Mr. Stebbins contends that his arrest on these charges violated his constitutional rights because the charges were false. He claims his father and the arresting officer were friends before the arrest and posits that the arresting officer "already hated Plaintiff prior to the arrest" and "had personal interests in getting Plaintiff arrested: Because Wes Bradford [the county prosecuting attorney] told them to. Perhaps they were even blackmailed." (Doc. 165, p. 33). Mr. Stebbins also accuses the arresting officer of failing to seize "potentially exculpatory evidence" during the arrest in the form of the bloody pillow. *Id.* at p. 22.

It is important to begin the analysis of this claim by noting that the only Defendants in this case are Sheriff Hickman, in his official capacity only, and Boone County. Mr. Stebbins did not sue the arresting officer nor did he sue the County's prosecuting attorney. As all official-capacity claims against Sheriff Hickman "are equivalent to claims against the entity for which [he] work[s]; they require proof that a policy or custom of the entity violated

---

offense." (Dco. 162, p. 2). To date, no court order has been submitted to demonstrate that this conviction was set aside or expunged; therefore, the Court will assume that the conviction stands.

the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Gorman*, 152 F.3d at 914 (citation omitted).  Therefore, in order for any claim for false arrest claim pursuant to § 1983 to survive as a matter of law, it is incumbent on Mr. Stebbins to allege facts sufficient to show that Boone County had a policy or custom of violating its citizens' rights by engaging in arrests for purely retaliatory purposes, and without probable cause.

After a careful reading of the record, the Court finds that Mr. Stebbins has failed to present anything more than his personal speculation as to the "true" reasons why he was arrested.  Even if the Court were to assume that the arresting officer and County officials maintained a personal vendetta against Mr. Stebbins, the fact remains that an actual injured victim was present at the time of arrest, and there was evidence of blood in the home.  Mr. Stebbins was ultimately convicted of the offense.  Accordingly, the Court cannot find that there is any evidence of a policy or custom of Boone County that violated Mr. Stebbins' rights with respect to this arrest.   This claim is therefore **DISMISSED WITH PREJUDICE**.

## IV.  OBJECTION FOUR:  EIGHTH AMENDMENT CLAIMS

Finally, Mr. Stebbins contends that his Eighth Amendment rights were violated during his incarceration at the BCDC due to harassment or maltreatment at the hands of jailors and inmates, and that Defendants are therefore subject to liability pursuant to §1983.  The Court, having reviewed the record *de novo*, concurs with the Magistrate that there are no incidents recounted by Mr. Stebbins, even if each is taken as true, that rise to the level of a constitutional violation and create an issue of fact triable to a jury.  Further,

the record does not reflect any evidence of a custom or policy by Boone County of violating Mr. Stebbins' or any other prisoners' Eighth Amendment rights.  A court is not required to "blindly accept the legal conclusions drawn by the pleader from the facts." *Wescott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

In order to establish a constitutional violation pursuant to the Eighth Amendment due to the imposition of cruel and unusual punishment, the actions taken by jail officials must deprive the inmate of "the minimal civilized measure of life's necessities" and reflect a "state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004).  A county may only be held liable pursuant to § 1983 for the unconstitutional acts of its officials when there is a causal connection between a county policy or custom and the alleged unconstitutional act.  *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013).  Even assuming that Mr. Stebbins' constitutional rights were violated by some discrete act undertaken by jail guards, the Court finds that Mr. Stebbins has not pleaded that jail employees were acting in accordance with any official or unofficial County policy or custom.  Defendants are, therefore, entitled to judgment on the pleadings on Mr. Stebbins' Eighth Amendment claims of harassment or mistreatment, and these claims are **DISMISSED WITH PREJUDICE**.

## V.  CONCLUSION

For all the reasons set forth above, **IT IS ORDERED** that the Report and Recommendation (Doc. 162) is **ADOPTED**.  This case is **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**, pursuant to 42 U.S.C. § 1997e(c)(1).  Judgment will enter contemporaneously with this Order.

-10-

**IT IS SO ORDERED** this _30_ day of March, 2015.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

-11-

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                          PLAINTIFF

v.                          Case No. 3:12-CV-03022

BOONE COUNTY, ARKANSAS
and SHERIFF DANNY HICKMAN                              DEFENDANTS

## JUDGMENT

For the reasons set forth in the Court's Order filed contemporaneously herewith,

**IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiff's case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** this 30th day of March, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                   PLAINTIFF

v.                                              Case No. 3:12-CV-03022

BOONE COUNTY, ARKANSAS
and SHERIFF DANNY HICKMAN                                         DEFENDANTS

## ORDER

Currently before the Court is a Motion for Reconsideration (Doc. 171) filed by Plaintiff David Stebbins.  In the Motion, Stebbins asks the Court to reconsider dismissing his case with prejudice, which occurred on March 30, 2015.  *See* Doc. 169, Order Adopting the Report and Recommendation of the Magistrate; Doc. 170, Judgment Dismissing Case with Prejudice.  The Court adopted the Report and Recommendation (Doc. 162) of the Magistrate and dismissed the case after conducting a *de novo* review of the record and considering Stebbins' detailed objections (Doc. 165).

A motion for reconsideration of a final judgment or order may be made pursuant to either Federal Rule of Civil Procedure 59(e) or 60(b).  "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence."  *Lowry ex rel. Crow v. Watson Chapel School Dist.*, 540 F.3d 752, 761 (8th Cir.2008) (quoting *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (internal citations and quotations omitted)).  "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)."  *Id.*  Here, Stebbins has not identified manifest errors of law or fact or newly discovered evidence that persuade the Court that it wrongly adopted the Magistrate's

Report and Recommendation and dismissed the case.

According to Rule 60(b), a party may be relieved from an order of the Court under certain enumerated circumstances, including the existence of "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and (6). Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986). After reviewing Stebbins' Motion, the Court finds that no relief pursuant to Rule 60(b) is warranted. Stebbins disagrees with the decision of the Court, and he is free to take his appeal.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 171) is **DENIED**.

**IT IS SO ORDERED** this 13th day of July, 2015.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                                    **PLAINTIFF**

**VS.**                                 **CASE NO. 12-3022**

**BOONE COUNTY, AR**                                          **DEFENDANTS**

### NOTICE OF APPEAL & REQUEST FOR
### APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Notice of

Appeal and Request for Application for Leave to Proceed *In Forma Pauperis* in the above-styled

action.

This is a timely notice of appeal because of the District Court's order denying Plaintiff's

Motion for Reconsideration. The pendency of that Motion for Reconsideration stays the 30-day

time limit to file an appeal. See Federal Rule of Appellate Procedure 4(a)(4). Therefore, the

deadline for Plaintiff to file this Notice of Appeal is August 11, 2015, which Plaintiff is well

within.

Plaintiff appeals the following orders:

1. The District Court order affirming the Magistrate Judge's order denying Plaintiff's First

   Motion to Compel Discovery.

2. The District Court's Order Adopting the Magistrate Judge's Report & Recommendation,

   granting the Defendants' First, Second, and Third Motions for Judgment on the Pleadings.

3. The District Court's refusal to issue a Plaintiff's Objection to the Magistrate Judge's Order

   Denying Plaintiff's last Motion for Rule 37(d) Sanctions.

4. The District Court's order adopting the Magistrate Judge's Report & Recommendation,

   dismissing with prejudice the remainder of Plaintiff's claims.

2.  The District Court's order denying Plaintiff's Motion for Reconsideration.

Plaintiff asks that he be given an application for leave to proceed *in forma pauperis* for him to fill out and return to the Court.

So notified on this, the 10th day of August, 2015.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6510
stebbinsd@yahoo.com



CERTIFIED MAIL

7015 0640 0001 1920 8079

**CPU**
PB 1P 000
3660515
FCML

**U.S. POSTAGE**
**$ 3.94⁰**
MAILED AUG 10 2015
72601

David Stebbins
123 W. Ridge
Apt D
Harrison, AR 72607

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

72701 5353

# U.S. COURT OF APPEALS - EIGHTH CIRCUIT
## NOA SUPPLEMENT

Please note any additions or deletions to the style of the case from the style listed on the docket sheet or attach an amended docket sheet with the final style of the case.

Western District of Arkansas  -  HARRISON  DIVISION

## 12-3022  STEBBINS  vs.  BOONE COUNTY, AR et al.

Length of Trial:        **2 Day Evidentiary Hearing**

Financial Status:    Fee Paid?                                    Yes        No **XX**

If NO, has IFP been granted?                Yes **XX**    No

Is there a pending motion for IFP?        Yes        No **XX**

Are there any other post-judgment motions?        Yes **XX ** **        No

Please identify the court reporter.

If no court reporter, please check

Name        **DEBBIE MADDOX**
Address        **30 SOUTH 6TH ST., ROOM 234**
            **FORT SMITH, AR 72901**
Telephone Number    **479-783-7045**

**CRIMINAL CASES ONLY:**
        Is the defendant incarcerated?                Yes    No
Place of confinement, if known:

Please list all other defendants in this case, if there were multiple defendants.

SPECIAL COMMENTS:        **** Motion to Clarify (Doc# 173)**