IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

DAVID STEBBINS                                         APPELLANT

VS.                              NO. 15-2880

BOONE COUNTY, ARKANSAS                                 APPELLEE

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

THE HONORABLE TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE
Case No. 3:12-CV-03022-TLB

_____

BRIEF OF APPELLEE

_____

BOONE COUNTY, ARKANSAS
*Appellee*

Michael R. Rainwater, #79234
Jason Owens, #2003003
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR 72222
Telephone (501) 868-2500
Telefax (501) 868-2505
ATTORNEYS FOR APPELLEE

<u>**SUMMARY OF THE CASE**</u>
<u>**AND COMMENT CONCERNING ORAL ARGUMENT**</u>

Plaintiff Appellant David Stebbins brought this case under 42 U.S.C. § 1983 and the Americans with Disabilities Act, alleging violations of his constitutional rights by the Defendant-Appellees, Boone County, Arkansas[1] and a jail officer named Jason Jones.  Early in the case, the parties stipulated to Jones' dismissal from the action, leaving Boone County as the only Defendant-Appellant.  See Doc. # 28.

In the case below, the District Court granted the Appellee's motions for judgment on the pleadings and for summary judgment. See Doc. # 103 & 169. Appellant appeals from these Orders.

The Appellee submits that oral arguments do not appear necessary, but if granted, need not exceed 15 minutes per side for presentation of the arguments.

---

[1] Boone County Sheriff Danny Hickman was also named as a Defendant, but in his official capacity only.  Clearly established law holds that the official capacity claim against Hickman is legally redundant to the claim against Boone County.  *See, e.g., Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007).

# TABLE OF CONTENTS

SUMMARY OF THE CASE
     AND COMMENT CONCERNING ORAL ARGUMENT. . . . . . . . . . . . . . i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

JURISDICTIONAL STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF THE
     ISSUES PRESENTED FOR REVIEW.. . . . . . . . . . . . . . . . . . . . . . . . viii

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     I.      The undisputed evidence established, as a matter of law, that Appellant Stebbins was arrested with probable cause, that he was thereafter convicted of the offense, that the conviction was not overturned, and that the Appellee County had no unconstitutional policies or customs related to the arrests of criminal suspects. . . . . . . . . . . . . . . . . . . . . . . 6

     II.     The Appellant was not deprived of his right to discovery and can offer no proof of an abuse of discretion by the District Court. . . . . . . . . . 10

     III.    Appellant Stebbins' First Amendment rights were not violated. . . . 11

     IV.    Appellant Stebbins' Thirteenth Amendment rights were not violated 15.

     V.     Appellant Stebbins' right to bail was not violated . . . . . . . . . . . . . 18

     VI.    The Appellant's broad, jurisdictional objections to the terminal Report

and Recommendation (Doc. # 162) and Order of dismissal (Doc. # 169)
fail as a matter of law and fact. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

VII.    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

# TABLE OF AUTHORITIES

Cases

*Alexander v. Hedback*, 718 F.3d 762 (8th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . 19

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). . . . . . . 6

*Bell v. Wolfish*, 441 U.S. 520 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Benzel v. Grammar*, 869 F.2d 1105, 1008 (8th Cir. 1989). . . . . . . . . . . . . . . . . . . 13

*Bijeol v. Nelson*, 579 F.2d 423 (7th Cir. 1978).. . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Board of County Comm'rs v. Brown*, 520 U.S. 397(1997). . . . . . . . . . . . . . . . 5, 21

*Brandon v. Holt*, 469 U.S. 464 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Butler v. Crulish*, 229 F. Supp. 565 (E.D.Pa. 1964). . . . . . . . . . . . . . . . . . . . . . . 16

*Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361 (8th Cir. 1983). . . . . . . 9

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986). . . . . . . . . 6

*Chaplinsky v. New Hampshire*, 315 U.S. 568 (1942). . . . . . . . . . . . . . . . . . . . . . . 13

*Doe v. Washington County*, 150 F.3d 920 (8th Cir. 1998). . . . . . . . . . . . . . . . . . . 5

*Hafer v. Melo*, 502 U.S. 21, 25 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Heck v. Humphrey*, 114 U.S. 129, 129 L.Ed. 383 (1994). . . . . . . . . . . . . . . . . . . 7-8

*Hill v. Colorado*, 530 U.S. 703 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Jackson v. Siringas*, 2013 WL 3810301 (E.D. Mich. July 23, 2013) . . . . . . . . . . 16

*Jane Doe A v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642 (8th Cir. 1990).5

*Jones v. Clinton*, 974 F.Supp. 712 (E.D. Ark. Aug. 22, 1997) . . . . . . . . . . . . . . 21

*Jones v. North Carolina Prisoners' Union*, 433 U.S. 119 (1977). . . . . . . . . . . . 12

*Kentucky v. Graham*, 473 U.S. 159 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998).. . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Martinez v. Turner*, 977 F.2d 421 (8th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . 16

*McClendon v. Story County Sheriff's Office*, 403 F.3d 510 (8th Cir. 2005). . . . . 10

*McGarry v. Pallito*, 687 F.3d 505 (2d Cir. 2012). . . . . . . . . . . . . . . . . . . . . . 15-16

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). . . . . . . . 4

*Procunier v. Martinez*, 416 U.S. 396 (1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Prosser v. Ross*, 70 F.3d 1005 (8th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Republican Party of Minnesota v. White*, 416 F.3d 738 (8th Cir. 2005). . . . . . . . 13

*Scusa v. Nestle U.S.A. Co.*, Inc., 181 F.3d 958 (8th Cir. 1999). . . . . . . . . . . . . . . 6

*Terrell v. Larson*, 396 F.3d 975 (8th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011) (*en banc*). . . . . . . 6

*Turner v. Safely*, 482 U.S. 78, 89 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Ustrak v. Fairman*, 781 F.2d 573 (7th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . 13-14

Statutes

Ark. Code Ann. § 16-90-1417 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C.§ 636. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

28 U.S.C.§ 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

28 U.S.C. 1331. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

42 U.S.C.§ 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Rules

Fed.R.Civ.Proc. 56. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed.R.Civ.Proc. 56. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# JURISDICTIONAL STATEMENT

The District Court had jurisdiction of this matter under 28 U.S.C. 1331, as it posed federal questions of law.  The basis of this Court's jurisdiction is 28 U.S.C.§ 1291, in that this is an appeal from a final order of the District Court.

# STATEMENT OF THE
## ISSUES PRESENTED FOR REVIEW

**I.** **The undisputed evidence established, as a matter of law, that Appellant Stebbins was arrested with probable cause, that he was thereafter convicted of the offense, that the conviction was not overturned, and that the Appellee County had no unconstitutional policies or customs related to the arrests of criminal suspects.**

*Heck v. Humphrey*, 114 U.S. 129, 129 L.Ed. 383 (1994)
*McClendon v. Story County Sheriff's Office*, 403 F.3d 510 (8th Cir. 2005)

**II.** **The Appellant was not deprived of his right to discovery and can offer no proof of an abuse of discretion by the District Court.**

Fed. R. Civ. Proc. 26

**III.** **Appellant Stebbins' First Amendment rights were not violated.**

*Republican Party of Minnesota v. White*, 416 F.3d 738 (8th Cir. 2005)
*Ustrak v. Fairman*, 781 F.2d 573 (7th Cir. 1986)

**IV.** **Appellant Stebbins' Thirteenth Amendment rights were not violated.**

*Bijeol v. Nelson*, 579 F.2d 423 (7th Cir. 1978)
*Martinez v. Turner*, 977 F.2d 421(8th Cir. 1992)

**V.** **Appellant Stebbins' right to bail was not violated.**

*Terrell v. Larson*, 396 F.3d 975 (8th Cir. 2005)
*Alexander v. Hedback*, 718 F.3d 762 (8th Cir. 2013)

**VI.** **The Appellant's broad, jurisdictional objections to the terminal Report and Recommendation (Doc. # 162) and Order of dismissal (Doc. # 169) fail as a matter of law and fact.**

*Board of County Comm'rs v. Brown*, 520 U.S. 397(1997)

## STATEMENT OF THE CASE

On February 17, 2012, Appellant David Stebbins filed his Complaint in this case in the United States District Court for the Western District of Arkansas, with an Amended Complaint on March 6, 2012, alleging, under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADAAA), that his constitutional and statutory rights were violated in a number of ways. *See* Doc. ## 1 & 6. The Appellant initially named three Defendants, Boone County, Arkansas, Sheriff Danny Hickman, in his official capacity only, and a jail officer named Jason Jones. On August 13, 2012, the District Court granted the Appellant's motion to voluntarily dismiss Jones from the case, effectively leaving Boone County as the only Defendant. Doc. # 28.

Thereafter, the Appellant filed several motions for partial summary judgment, to which the Appellee responded, along with counter-motions for judgment on the pleadings. *See* Doc. ## 38-46 & 60-68. Thereafter, on August 1, 2013, the Honorable Magistrate Judge issued a Report and Recommendation, recommending denial of the Appellant's motions and grant of the Appellee's motions. See Doc. # 84. On September 18, 2013, the Honorable District Judge adopted the Report and Recommendation and granted judgment on the pleadings in several respects to the Appellee. *See* Doc. # 103.

After discovery, the Honorable Magistrate Judge held a two-day evidentiary

hearing, at the conclusion of which he issued a Report and Recommendation, in which he recommended the dismissal of the remainder of the Appellant's claims. *See* Doc. # 152-153 & 162. On March 30, 2015, the Honorable District Judge adopted the Report and Recommendation and dismissed the Plaintiff's case with prejudice. Doc. # 169-170.

The facts of this case were exhaustively set out in numerous motions and in the two-day evidentiary hearing held by the Honorable Magistrate Judge. So as not to belabor those points, the Appellee respectfully adopts and incorporates, by reference, the factual recitations in Doc. ## 84, 103, 162, and 169.

# SUMMARY OF THE ARGUMENT

The Appellant's claims against the Appellee fail as a matter of law and the District Court's grant of judgment on the pleadings (Doc. # 103) and summary judgment (Doc. # 169) to the Appellee should therefore be affirmed. First, the undisputed evidence established, as a matter of law, that Appellant Stebbins was arrested with probable cause, that he was thereafter convicted of the offense, that the conviction was not overturned, and that the Appellee County had no unconstitutional policies or customs related to the arrests of criminal suspects. Likewise, as a matter of law and based on his own Complaint, the Appellant's rights to bail, free speech, and freedom from involuntary servitude were not violated. Additionally, the Appellant's objection to the resolution of his discovery motions by the Honorable Magistrate Judge are without merit. Finally, the Appellant's broad, jurisdictional objections to the terminal Report and Recommendation (Doc. # 162) and Order of dismissal (Doc. # 169) fail as a matter of law and fact.

For these reasons, discussed more fully herein, the Appellee is entitled to judgment as a matter of law. The District Court's Order and Judgment should therefore be affirmed.

## ARGUMENT

Appellant David Stebbins alleges, under 42 U.S.C. § 1983 and the ADAAA, that his constitutional and statutory rights were violated in a variety of ways. *See* Doc. # 2[2]. The Appellant sued only Boone County, Arkansas, Sheriff Danny Hickman, in his official capacity only, and Jason Jones. Jones was dismissed by stipulation shortly thereafter, effectively leaving Boone County as the only Defendant.

Plaintiff has no proof to give rise to county liability in this case. It is well-settled that a suit against a county official in his official capacity is the equivalent of a suit against the county itself. *See Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991). Official capacity suits represent "only another way of pleading an action against an entity of which an officer is an agent." *See Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55 (1978). In short, "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. At 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471-472 (1985). In fact, the Plaintiff moved to dismiss Jason Jones, the county deputy and his

_____

[2] As this is a pro se prisoner appeal, all document references are to the ECF docket of the District Court.

motion was granted.

A governmental entity, here Boone County, may be held liable for the unconstitutional acts of its officials and/or employees only when those acts implement or execute an unconstitutional County policy or custom. *See Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998). The county would be liable for an officer's conduct only if the subject officer were (1) a County employee or official and (2) if the officer was implementing or executing an unconstitutional county policy or custom that (3) directly caused plaintiff's injury. *See Board of County Comm'rs v. Brown*, 520 U.S. 397(1997). In the absence of a written policy, plaintiff must identify a pattern of widespread unconstitutional conduct that was so pervasive and well-settled that it had the effect of law. *See Jane Doe A v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 646 (8th Cir. 1990). Plaintiff must show that the County "through its deliberate conduct . . . was the 'moving force' behind the injury alleged." *Brown*, 520 U.S. at 526.

For the reasons set forth herein, the District Court's Orders of dismissal are proper and should be affirmed.

## Standard of Review

Summary judgment should be granted to a party when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to

any material fact. Fed.R.Civ.Proc. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). A moving party must first present evidence that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must come forward with evidence showing that there is a genuine dispute that must be decided at a trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (*en banc*). If the nonmoving party does not submit enough proof to establish a necessary element of a claim, the moving party is entitled to judgment on that claim. *Celotex Corp.*, 447 U.S.322-23, 106 S.Ct. at 2552. This Court reviews grants of summary judgment *de novo*. *See Scusa v. Nestle U.S.A. Co.*, Inc., 181 F.3d 958, 964 (8th Cir. 1999).

**I.** **The undisputed evidence established, as a matter of law, that Appellant Stebbins was arrested with probable cause, that he was thereafter convicted of the offense, that the conviction was not overturned, and that the Appellee County had no unconstitutional policies or customs related to the arrests of criminal suspects.**

Appellant Stebbins' argument begins with his objections to the District Court's dismissal of his false arrest claim under section 1983. That claim, however, was properly dismissed for several reasons and the District Court Order should be affirmed.

At the outset, the Appellant was convicted of the offense for which he was arrested; in fact, he plead guilty to the offense. *See* Doc. # 160 (bottom left corner of Sentencing Order). In *Heck v. Humphrey*, 114 U.S. 129, 129 L.Ed. 383 (1994), the Court was called upon to consider the "question posed by 1983 damage claims that do call into question the lawfulness of conviction or confinement." *Heck* at 392. The Court then defined a test to determine whether a prisoner's § 1983 suit should be dismissed, stating:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily impugn the validity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck* at 394.

Although the petitioner (whose direct appeal from his conviction was pending) sought money damages and made no request of an invalidation of his conviction, the Court affirmed the dismissal of his suit. The Court remarked:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus... A claim for damages bearing that relationship to a conviction or sentence that has

not been so invalidated is not cognizable under § 1983.

*Heck* at 394.

The Appellant now asserts that he was not convicted - despite his guilty plea - and, alternatively, that if he was convicted, it has now been set aside by virtue of being "sealed." Sealing, under Arkansas law, however, does not set aside a conviction. It simply makes it confidential to the general public and, primarily, prospective employers. Ark. Code Ann. § 16-90-1417 (b)(2) provides as follows:

> (2) This subchapter does not prevent the use of a prior conviction otherwise sealed under this subchapter for the following purposes:
>> (A) Any criminal proceeding for any purpose not otherwise prohibited by law;
>> (B) Determination of offender status under the former § 5-64-413;
>> (C) Habitual offender status, § 5-4-501 et seq.;
>> (D) Impeachment upon cross-examination as dictated by the Arkansas Rules of Evidence; or
>> (E) Any disclosure mandated by Rule 17, 18, or 19 of the Arkansas Rules of Criminal Procedure.

Ark.Code Ann. § 16-90-1417 (b)(2).

The above provision of Arkansas law, which allows for the "use of a prior conviction" for 5 purposes entirely negates the Appellant's argument that his conviction was set aside. In short, a prior conviction cannot possibly be used for any

purpose if it has been set aside. Any finding of a constitutional violation in the arrest would necessarily impugn the Appellant's conviction.

In addition to the *Heck* implications, the Appellant's guilty plea dictates summary judgment on his section 1983 arrest claim under other Eight Circuit precedents that prohibit civil plaintiffs from contradicting their earlier declarations to avoid summary judgment. *See, e.g., Prosser v. Ross*, 70 F.3d 1005, 1008 (8th Cir. 1995); *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1365 (8th Cir. 1983). In short, the Appellant cannot declare his actual guilt to the trial judge in his criminal case, only to reverse field in his civil case to avoid summary judgment.

In addition to the Appellant's conviction and guilty plea, the Appellant can offer no evidence to rebut the proof offered of probable cause or to establish a county policy or custom of arresting suspects without probable cause (important because the County was the only Defendant). Instead, the proof shows, without dispute, that the Plaintiff's father was cut with a knife, that he and the Plaintiff's mother both told the officer that the Plaintiff had done it, and that there was blood on the wall, the carpet, and a pillow. *See, e.g.*, Doc. # 1, p. 3 & Doc. # 162, p. 16. Instead, the Appellant offers various speculative theories about alleged vendettas by various individuals and suspected conspiracies. Such evidence is entirely immaterial, however, because the subjective intent of the officer is irrelevant in the objective reasonableness analysis

under the Fourth Amendment. *See, e.g., McClendon v. Story County Sheriff's Office*, 403 F.3d 510 (8th Cir. 2005).

In the end, the Appellant's arrest claim fails as a matter of law because the officer in question had probable cause to arrest (and isn't even a defendant), because the Appellant has presented no evidence of a county policy or custom not requiring probable cause for arrests, because the Appellant plead guilty to the offense, and because the Plaintiff's conviction has not been set aside. For these reasons, the District Court's opinion is proper and should be affirmed.

## II. The Appellant was not deprived of his right to discovery and can offer no proof of an abuse of discretion by the District Court.

The Appellant also objects to the manner in which the Honorable Magistrate Judge ruled his discovery/sanctions motions, apparently in reference to Doc. ## 118 and 141. The Appellant also appears to object to the Honorable District Judge's failure to weigh in on the motions. The Appellant's objections are without merit, however, and should be rejected.

At the outset, it is important to note that a U.S. Magistrate Judge has the authority, under 28 U.S.C. §636, to determine any pretrial (nondispositive) matters. Thus, the Appellant's objection was simply a superfluous filing, as the matter was fully determined by the Honorable Magistrate Judge.

The Appellant's objections to the rulings by Honorable Magistrate Judge likewise fail on the merits. First, the Honorable Magistrate Judge granted the initial motion to compel, in part, despite the Plaintiff's "unusual understanding of what constitutes a good faith effort to resolve a discovery dispute" (noting that the Appellant's email correspondence regarding the same began with the invective: "[Y]ou lying piece of scum," even after having been previously admonished by the Honorable District Judge). Thereafter, contrary to the Appellant's contention that a new objection was raised, the Appellee responded and/or responded further to the requests addressed in the motion to compel. The Honorable Magistrate Judge found the Appellant's responses to be adequate and instructed the Appellant that, if he needed more information, he could pose additional discovery requests. See Doc. # 141; *see also* Fed. R. Civ. Proc. 26.

In the end, the Honorable Magistrate Judge's rulings on the Appellant's were demonstrably correct. Even if the Appellant could establish error (he cannot), he could not show that it was more than harmless error. As such, the District Court's Orders of dismissal should be affirmed.

### III. Appellant Stebbins' First Amendment rights were not violated.

Appellant Stebbins contests the dismissal of his First Amendment claim. In that claim, the Appellant asserts that a Boone County jail rule requiring inmates to

treat officers with respect and courtesy violated his First Amendment rights. The Appellant essentially contends that the Appellees failed to present sufficient evidence to support their defense of the claim. The claim was dismissed, however, on the pleadings, without resort to evidence. *See* Doc. # 103. Since the claim fails as a matter of law, the District Court's Order was proper and should be affirmed.

"The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment." *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125 (1977). A prisoner retains only those rights "that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell*, 417 U.S. at 822. Restrictions on this First Amendment right are valid "if [they are] reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89 (1987). Four factors are considered in making this determination. They are: (1) whether there is a valid, rational connection between the regulation and legitimate governmental interests put forward to justify it; (2) whether alternative means of exercising their rights remain open to the prisoners; (3) whether accommodation of the asserted rights will trigger a "ripple effect" on fellow inmates and prisoner officials; and (4) whether a ready alternative to the regulation would fully accommodate the prisoners' rights at de minimus cost to the valid penological

interest. *Benzel v. Grammar*, 869 F.2d 1105, 1008 (8th Cir. 1989). The courts should afford wide-ranging deference to jail administration in such matters. *See Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979) (internal citations omitted)

In this case, the Appellant claims that the county jail's policy requiring courtesy and respect for jail employee violates his First Amendment rights because he cannot use profanity, curse, swear, or engage in other offensive communications with jail personnel. This claim fails as a matter of law for several reasons. First "some narrowly limited classes of speech enjoy no First Amendment protection. These include the lewd and obscene, the profane, the libelous, and the insulting or fighting words." *Republican Party of Minnesota v. White*, 416 F.3d 738, 749 n.4 (8th Cir. 2005)(*citing Chaplinsky v. New Hampshire*, 315 U.S. 568, 571-72 (1942)(internal quotation marks omitted)). Even if profanity or other disruptive speech were considered protected by the First Amendment (they are not), such speech would clearly be disruptive to the maintenance of order and security in the jail, which are recognized as legitimate penological objectives. *Procunier v. Martinez*, 416 U.S. 396, 413-14 (1974).

The District Court cited a substantively identical case, *Ustrak v. Fairman*, 781 F.2d 573 (7th Cir. 1986), in support of its decision. In that case, a prisoner brought a First Amendment challenge to a regulation that forbids inmates being disrespectful

to any employee of the institution and swearing, cursing, or using any other vulgar, abusive, insolent, threatening, or improper language towards other inmates or employees. The Court held the regulation to be bear on the "direct and elementary needs of prison administration." *Id.* at 580. It stated it could "imagine few things more inimical to prison discipline that allowing prisoners to abuse guards and each other." *Id.* It stated that "[p]eople who want to enjoy the full panoply of constitutional rights to express themselves had best refrain from committing crimes." *Id.*

The Honorable Magistrate Judge also noted that the policy at issue is content neutral, requiring simply that a prisoner must treat prison officials with respect and courtesy. The policy does not limit the topics that may be discussed and does not restrict prisoners from submitting grievances, challenging conduct on the part of jail personnel, or otherwise restricting the content of any speech. *See Hill v. Colorado*, 530 U.S. 703, 716 (2000). In fact, the courts have the same restrictions and regularly admonish or even sanction litigants who employ uncivil, disrespectful or profane speech, as illustrated by several admonishments to the Plaintiff in the case below. *See, e.g.*, Doc. # 118 (Appellant admonished for calling Appellee's counsel a "lying piece of scum" in the wake of a prior admonishment by the Honorable District Judge for similarly disrespectful speech); see also Doc. # 169, n. 2.

In the end, and as a matter of law, the policy in question simply doesn't violate

the Appellant's First Amendment rights.  As such, the District Court's dismissal of the claim should be affirmed.

## IV.   Appellant Stebbins' Thirteenth Amendment rights were not violated.

The Appellant asserts that his claim under the Thirteenth Amendment - that he was forced to clean his own cell in the county jail prior to being convicted of any crime - was improperly dismissed.  See Doc. # 72 (Appellant confirms that cell-cleaning claim brought only under the Thirteenth Amendment).  In fact, the Appellant maintains that, until convicted, the Appellant "ha[d] no business forcing me to lift a *finger* against my will."  Doc. # 46, p. 1 (emphasis in original). The Appellant makes two points in support of this contention.  First, he maintains that the Honorable Magistrate Judge "raised an entirely new justification for the policy" that inmates must clean their own cells.  Specifically, Appellant Stebbins asserts that the Honorable Magistrate Judge's Report and Recommendation "raised ... that involuntary servitude could theoretically, serve some sort of therapeutic interest." Appellant's Brief, p. 36.  Appellant Stebbins also contends that the Honorable Magistrate Judge "cited ... *McGarry v. Pallito*, 687 F.3d 505 (2d Cir. 2012)" in support of the proposition.  *Id.*  The problem with the Appellant's assertions, however, are that they are exactly backward.  The Appellant - not the Court - relied on *McGarry* and the Honorable Magistrate Judge rejected it.  Furthermore, the

Honorable Magistrate Judge did not mention therapeutic interest in his Report and Recommendation, instead relying on long established law that holds that a requirement for inmates to clean their own cells does not violate the Thirteenth Amendment:

> Plaintiff maintains the case of *McGarry v. Pallito*, 687 F.3d 505 (2nd Cir. 2012)"perfectly encapsulates the issues embraced" in his third motion for summary judgment (Doc. 73 at pg. 1). Plaintiff's reliance on this case is misplaced. The Court stated that the law is "clearly established that requiring hard labor of pretrial detainees . . . violates the Thirteenth Amendment." *Id.* at pg. 514. However, it noted that "correctional institutions may require inmates to perform personally related housekeeping chores such as, for example, cleaning the areas in or around their cells, without violating the Thirteenth Amendment." *Id.* It has long been the law that "pending trial . . . a defendant may be imprisoned in a cell and must submit to the routine of the prison relating to his meals, his exercise and many other activities of daily life. All these matters, however, are incidental elements in the organized caretaking of the general company of prisoners." *Butler v. Crulish*, 229 F. Supp. 565, 566 (E.D.Pa. 1964). It has specifically been held that "requiring a pretrial detainee to help clean his living unit, including common areas, does not amount to involuntary servitude as prohibited by the Thirteenth Amendment." *Bijeol v. Nelson*, 579 F.2d 423, 424 (7th Cir. 1978). "Daily general housekeeping responsibilities are not punitive in mature and for the health and safety must be routinely observed in any multiple unit living." *Id; see also Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992)(Requiring a pretrial detainee to perform general housekeeping chores does not amount to punishments); *Jackson v. Siringas*, 2013 WL 3810301 (E.D. Mich. July 23, 2013). Defendants are entitled to judgment on this claim.

Doc. # 84, Report & Recommendation.

In addition to his assertions about the Honorable Magistrate Judge, the Appellant also contends that the Honorable District Judge abused his discretion by adopting the above-quoted Report and Recommendation, allegedly "for absolutely no reason whatsoever." Appellant's Brief, p. 37. He posits that "failure to give any explanation whatsoever constitutes an automatic abuse of discretion." *Id.* The problem with this point by the Appellant is that the Honorable District Judge did give reasons: "The Court finds that Mr. Stebbins's objections to the Magistrate's report and recommendation in regard to his third partial motion for summary judgment are wholly without merit, and the Court adopts the Magistrate's findings on this issue in full." Doc. # 103, Order. Adopting the reasons articulated by a Magistrate Judge is simply not a failure to give reasons. The Appellant's objection fails as a matter of fact and law.

In the end, the Honorable Magistrate Judge recommended the dismissal of the Appellant's Thirteenth Amendment claim on well-established legal grounds, including specific precedents that have held that requiring an inmate to clean his cell prior to his conviction does not violate his Thirteenth Amendment rights. The Honorable District Judge adopted these grounds as his holding. Because the grounds are proper - the Appellant's Brief doesn't even challenge the actual grounds enunciated by the District Court - the District Court's Order of dismissal should be

17

affirmed.

## V.    **Appellant Stebbins' right to bail was not violated.**

The Appellant asserts that he was deprived of his right to post bail by the Defendant and that the District Court's dismissal of the claim on the pleadings was improper. The Appellant's allegations fail as matter of law, however, and the District Court's Order of dismissal should be affirmed.

The Appellant offered an inmate release report that reflected that bail was set in the amount of $10,000 and that the following conditions of bond were set: "[c]ondition of bond (before he bonds) a place to live-receive some kind of treatment--Make appointments for evaluation-Jail to make arrangements where he is not subject to violence reap[p]ear 2/3/2012." See, Doc. #38, Ex. A; see also Doc. # 62, Ex. 1. The Appellant alleged that, on January 15, 2012, he secured a hotel reservation at the Hotel Seville. However, he alleged that he was not allowed to bond out because the officers erroneously believed he had to be evaluated first. On January 17, 2012, jail administrator Jason Day clarified that the only condition Plaintiff had to fulfill before bonding out was to have a place to live. Once this issue was cleared up, Plaintiff called the Hotel Seville to again make living arrangements. He found out that a new policy had been implemented requiring month-by-month renters to pay three months in advance. Plaintiff made a reservation for February 1, 2012. Prior to the time for

him to actually bond out, Plaintiff states the Hotel Seville learned the nature of his charges and cancelled the reservation. On March 1 to March 3, Plaintiff states he learned of potential living arrangements and asked to use the phone to secure the arrangements. While he was given approval to use the phone, he states he was never escorted to the phone allegedly because the jailers were busy. When he was allowed to use the phone several days later, the rooms had been rented. As a result of Defendants' actions, Plaintiff alleged that he remained incarcerated an extra fifty-seven days.

The District Court found that the records established, at most, that a detention officer wrongly interpreted the court, but that negligence does not violate the constitution. *See* Doc. # 84 (citing *Terrell v. Larson*, 396 F.3d 975, 978 (8th Cir. 2005); see also Doc. # 103 ("it does not appear that the jail staff was even negligent"). The District Court also found that the Appellant had failed to alleged or provide any evidence of any Boone County policy, procedure, or practice of refusing to allow inmates to post bond. *See* Doc. # 84 (citing *Alexander v. Hedback*, 718 F.3d 762, 766 (8th Cir. 2013).

In the end, the Plaintiff cannot establish an intentional deprivation of his rights to bail/bond or that such deprivation was caused by a Boone County policy or custom. As such, the District Court's Order of dismissal should be affirmed.

**VI.** **The Appellant's broad, jurisdictional objections to the terminal Report and Recommendation (Doc. # 162) and Order of dismissal (Doc. # 169) fail as a matter of law and fact.**

At the end of his Argument in this Appeal Brief, the Appellant argues several broad, jurisdictional objections to the terminal Report and Recommendation (Doc. # 162) and Order of dismissal (Doc. # 169), respectively. Specifically, the Appellant argues that the Honorable Magistrate Judge's Report and Recommendation was against the clear weight of the evidence and that the Honorable District Judge improperly, and incorrectly found that the Plaintiff failed to sufficiently allege the existence of an unconstitutional policy or custom in his Complaint.

The Plaintiff's objection to the Honorable Magistrate Judge's Report and Recommendation is clearly without merit and moot. It is moot because the Honorable Magistrate Judge reviewed the Recommendation, along with all of the source materials, the Appellant's 40 pages of objections and the recording of the proceeding, *de novo*. See Doc. #169. In other words, the Honorable District Judge started over, so any objection to the Report and Recommendation is moot. Even if it were not, the Honorable Magistrate Judge set out significant evidence entitling the Appellee to summary judgment on each remaining point raised by the Appellant. *See* Doc. # 162.

The Appellant also appears to object to the Honorable District Judge's Order of dismissal, but only insofar as it ruled that the Appellant failed to sufficiently allege

the existence of an unconstitutional county policy or custom in his Complaint. The Appellant appears to believe that the District Court cannot dismiss any part of a pro se complaint on the pleadings after the initial screening under 28 U.S.C. 1915(e)[3]. First of all, Judge Brooks' Order of dismissal granted summary judgment, not judgment on the pleadings. See Doc. # 169. Further, the law allows for judgment on the pleadings after the pleadings have closed. *See, e.g., Jones v. Clinton*, 974 F.Supp. 712 (E.D. Ark. Aug. 22, 1997) In the end, and as the Honorable District Judge established, the Appellant failed to allege or establish (1) the existence of an unconstitutional county policy or custom, (2) any underlying violation of his constitutional rights, or (3) any causal link between the two. *See Board of County Comm'rs v. Brown*, 520 U.S. 397(1997). Accordingly, the District Court's Order of dismissal is proper and should be affirmed.

## VII. CONCLUSION

For the reasons set forth herein, the Appellee respectfully requests that the District Court's Orders be affirmed and the case dismissed with prejudice

---

[3] This is a curious position, since the Appellant objects in this manner to the summary judgment Order (Doc. # 169) does not object on this basis to the dismissal of many of his claims on the pleadings (Doc. # 103).

Respectfully submitted,

Boone County, Arkansas & Danny Hickman, in
his official capacity only,
 *Appellee*

RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, Arkansas  72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
Email:  Owens@rainfirm.com


By:    /s/ Jason Owens_____
Michael R. Rainwater, #79234
Jason E. Owens, #2003003


## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Appellees Brief with
the Clerk of the Court using the CM/ECF system on December 31, 2015, and, upon
approval of the same, will provide a paper copy by U.S. Mail to the following:

Mr. David Stebbins
123 W. Ridge Street, Apt. D
Harrison, AR 72601

                          /s/ Jason Owens_____
                          Jason E. Owens
                          Attorney for Appellee
                          RAINWATER, HOLT & SEXTON, P.A.
                          P.O. Box 17250
                          Little Rock, Arkansas  72222-7250
                          Telephone (501) 868-2500
                          Telefax (501) 868-2505
                          Email:  Owens@rainfirm.com

## CERTIFICATE OF COMPLIANCE

I  hereby certify that this Appellee's Brief has been scanned for viruses and the brief is virus-free.  The Brief complies with the type-volume limitation as set by Rule 32(a)(7)(B) of the Federal Rules of Civil Procedure.  Times New Roman 14 Point Font in Word Perfect 11 was used.  The brief contains 6125 words and contains 710 lines of text.

/s/ Jason Owens_____
Jason E. Owens