## IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

**DAVID STEBBINS**                                       **APPELLANT**

**VS.**                          **CASE NO. 15-2880**

**BOONE COUNTY, AR**                             **APPELLEES**

## REPLY BRIEF

Comes now, *pro se* Appellant David Stebbins, who hereby submits the

following Reply Brief in the above-styled action.

## TABLE OF CONTENTS

| Section | Page |
|---|---|
| 1. Table of Contents | 1 |
| 2. Table of Authorities | 3 |
| 3. Summary of Argument | 4 |
| 4. Argument | 6 |
| (a) Genuine Dispute of Guilty Plea/Conviction Status | 6 |
| (b) Sealed records not usable here | 7 |
| (c) lack of probable cause | 8 |
| (d) Denial of the Motion for Relief of Judgment without explanation constitutes an automatic abuse of discretion | 10 |
| (e) Untimely discovery objections | 14 |

(f) No penological interest     16

(g) No evidence of theraputic purposes     18

(h) Weighing evidence on summary judgment     19

(i) Dismissal for want of evidence, before     20

    close of discovery

(j) All facts on summary judgment must be     21

    viewed in favor of the non-movant

(k) Evidence of unconstitutional custom     22

5. Conclusion     23

6. Certificate of Compliance     25

# TABLE OF AUTHORITIES

| **Statutes & Rules** | **Page(s)** |
| --- | --- |
| A.C.A. § 16-90-1417 | 7,8 |
| Federal Rule of Civil Procedure 33 | 15 |

| **Case Law** | **Page(s)** |
| --- | --- |
| *Bell v. Wolfish*, 441 US 520 (1979) | 5,17 |
| *Eagle Technology v. Expander Americas, Inc.*, 783 F. 3d 1131 (8th Cir. 2015) | 16 |
| *FCC v. Beach Communications, Inc.*, 508 US 307 (1993) | 16 |
| *Foman v. Davis*, 371 US 178 (1962) | 12 |
| *Rayes v. Johnson*, 969 F. 2d 700 (8th Cir. 1992) | 13 |
| *Gulf Oil Co. v. Bernard*, 452 US 89 (1981) | 13 |
| *Jarrett v. ERC Properties, Inc.*, 211 F. 3d 1078 (8th Cir. 2000) | 13 |
| *Kuehl v. Burtis*, 173 F. 3d 646 (8th Cir. 1999) | 9 |
| *Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty.*, 464 US 501 (1984) | 14 |
| *Purcell v. Gonzalez*, 549 US 1 (2006) | 14 |
| *Slaughter v. City of Maplewood*, 731 F. 2d 587 (8th Cir. 1984) | 13 |
| *Thongvanh v. Thalacker*, 17 F. 3d 256 (8th Cir. 1994) | 14 |
| *US v. Burrell*, 622 F. 3d 961 (8th Cir. 2010) | 12 |

*US v. Fry*, 792 F. 3d 884, 896 (8th Cir. 2015)        9

*US v. Walters*, 643 F. 3d 1077 (8th Cir. 2011)        13

*Washington v. Glucksberg*, 521 US 702 (1997)        16

*White v. McKinley*, 519 F. 3d 806 (8th Cir. 2008)        10

*White v. Graceland College Center*,        15
586 F.Supp.2d 1250, 1256-57 (2008)

# SUMMARY OF ARGUMENT

1.     There is a genuine dispute as to whether I was ever convicted in the first place.

2.     The limited grounds upon which a sealed record can be used are not applicable in this case.

3.     The district court denied the Motion for Relief of Judgment for no reason, thus constituting an automatic abuse of discretion.

4.     The second discovery objection was untimely, and thus not properly before the court in the first instance.

5.     The discovery violation unquestionably caused prejudice because I had a tougher time proving unconstitutional custom.

6.     There is no penological interest. Bell v. Wolfish directly states that "punishment" is not a legitimate interest of pre-trial detainees. No evidence of any security interest is offered by the Defendants.

7.     The district judge weighed the evidence on summary judgment. He can't do that. Moreover, lack of evidence of policy or custom (or lack of evidence of intent) is grounds to deny the Plaintiff's Motion for Partial Summary Judgment, but NOT to grant an opposing motion from the Defense … at least not until the close of evidence.

8.     Facts on summary judgment must be viewed in favor of the non-movant; as

such, they cannot prevail simply on summary judgment simply on the grounds that they introduced enough evidence on their own.

9.    Plenty of evidence was introduced of unconstitutional custom; the judges just ignored it, and Appellees are ignoring it to.

# ARGUMENT

## Section 1: Genuine Dispute of Guilty Plea/Conviction Status

1.      Despite the Appellee's claims, I did indeed introduce evidence that rebuts their claim that I plead guilty, and/or was convicted.

2.      Specifically, I introduced a *certified copy* of the sentencing order, which very clearly stated "This Court … without a finding of guilt or entering a judgment of guilt … defers further proceedings." See Doc 154, p. 7.

3.      In addition, I have also shown evidence that their sentencing order was forged.

4.      It cannot be put any simpler: There was no conviction in the first instance, sealed or otherwise. There was nothing to set aside.

5.      At the very least, it creates a genuine dispute of material fact for trial, not something that should be resolved on summary judgment.

## Section 2: The sealed record cannot be used in this case.

6.      The Appellees argue that, because the record was merely "sealed," rather than completely set aside, they can use it for whatever purpose they so desire.

7.      This is NOT the law of Arkansas. The "effect of sealing" a case record in the State of Arkansas is outlined by AR Code § 16-90-1417 (2014), stating, in pertinent part, the following:

> "(a) (1) A person whose record has been sealed under this subchapter shall have all privileges and rights restored, and the record that has

been sealed shall not affect any of his or her civil rights or liberties
unless otherwise specifically provided by law.
…
(b) (1) Upon the entry of the uniform order, the person's underlying
conduct shall be deemed as a matter of law never to have occurred,
and the person may state that the underlying conduct did not occur
and that a record of the person that was sealed does not exist."

8.    While the Appellees have indeed provided a subsection of that statute which

gives five limited scenarios where a sealed record can be used.  However, those

five circumstances are exclusive; see AR Code § 16-90-1417(a)(1) (2014).

Nowhere in the statute they provide does it say that Defendants in a civil case can

use it to bar a claim.  In fact, of the five limited uses for a sealed record, the only

one that appears to have any potential significance in civil cases at all is

"Impeachment upon cross-examination as dictated by the Arkansas Rules of

Evidence."

9.    Thus, their *own* legal citation defeats their own claim. The statute they,

themselves, cited, simply serve to prove that their attempts to use the conviction to

bar the claim are frivolous.

### Section 3: There is plenty of evidence of lack of probable cause

10.    There was plenty of evidence submitted at the evidence hearing to show that

the arrest was done simply to give the prosecuting attorney leverage to demand that

I cease and desist my exercise of my First Amendment rights, including, but not

limited to, a written confession from the prosecutor that all he wanted was to get

me to stop filing lawsuits (see ¶ 31(c) of the Argument of the Appellant's Brief), which is admissible under Federal Rule of Evidence 408(b).

11.    The Appellees argue that there was enough evidence to support an arrest. They appear to believe that, as long as there is sufficient incriminatory evidence to support an arrest, that is all that is needed to make a finding of probable cause.

12.    I have already introduced binding precedent in this circuit stating the complete opposite: *Kuehl v. Burtis*, 173 F. 3d 646, 650 (8th Cir. 1999) clearly states that "An officer contemplating an arrest is not free to disregard plainly exculpatory evidence, even if substantial inculpatory evidence (standing by itself) suggests that probable cause exists." This clearly refutes their argument that the evidence supporting the arrest was all they needed to be protected.

13.    In addition, it is a well-settled principle of law that vindictiveness against a defendant because he has exercised his constitutional rights is absolutely not allowed in any criminal proceeding. See *US v. Fry*, 792 F. 3d 884, 896 (8th Cir. 2015): "[T]o penalize a person's reliance on his legal rights is patently unconstitutional," Citing more than ***four decades*** worth of case law!

14.    Thus, if a jury is satisfied that A) there was a plan, made in advance, to have me arrested on some contrived grounds (whether it be battery, trespass, or whatever), and B) the arresting agency was privy to that plan before making the arrest, then that advance knowledge would constitute the sort of "plainly

exculpatory evidence" that the officer would not be free to disregard. See *White v. McKinley*, 519 F. 3d 806 (8th Cir. 2008) (reversing summary dismissal of a conspiracy claim).

### Section 4: Denial of the Motion for Relief of Judgment without explanation constitutes an automatic abuse of discretion.

15.     Continuing with the themes mentioned above, I learned of some new evidence that provided independent grounds for a "false arrest" § 1983 claim; specifically, one of the two arresting agencies openly admitted, during a state court proceedings, that A) his partner had chosen to arrest me *before* making a reasonably thorough investigation on the matter, and B) this was consistent with the official arrest policy of the Boone County Sheriff's Office.

16.     This confession would, without more, strip the arrest of probable cause. See *Kheul*, *id* at 650:

> "Second and relatedly, law enforcement officers have a duty to conduct a reasonably thorough investigation prior to arresting a suspect, at least in the absence of exigent circumstances and so long as "law enforcement would not [be] unduly hampered ... if the agents ... wait[] to obtain more facts before seeking to arrest"

17.     There is some discretion in this precedent, and it is malleable on a case by case basis, as evidenced by the precedent's usage of the phrase "exigent circum-stances." However, the secondary arresting agency's testimony in the state court proceedings was not that he believed the primary arresting agency to have been justified in that particular case; rather, his testimony showed that it was the blanket

policy of the Boone County Sheriff's Department to conduct *all* arrests in this manner. This, by itself, without more, not only strips the arrest of probable cause, but also makes the municipality vicariously liable for the arrest, since it is part of official municipal policy.

18.    So, a Motion for Relief of Judgment was filed in the District Court, seeking relief under Rule 60(b)(2) (newly discovered evidence).

19.    As you may have guessed, the District Court denied the Motion for Relief of judgment. However, before we continue, it is important to note that the District Judge specifically threw out the magistrate judge's order for want of authority, and therefore, nothing in the magistrate judge's order has any bearing on this appeal (however, to the extent this Court might consider the magistrate judge's order to be relevant, I defer you to the arguments contained in Sections 1 and 2 of this Argument).

20.    Instead, the district judge denied the Motion for Relief of Judgment, not because the alleged "conviction" (which, to repeat, is entirely a figment of the Defendants' and District Court's imaginations) was an absolute bar, or because of the timeliness issues raised by the Defense in response to that motion. Rather, the district judge denied the motion for no other reason than … he just did not want to consider it. He didn't even *pretend* like there was more to it than that.

21.    Because he gave no explanation whatsoever as to why the Motion for Relief

of Judgment was meritless, this constitutes an *automatic* abuse of discretion. The case of *Foman v. Davis*, 371 US 178 (1962) is directly on par, here; appealing a denial of a post-trial motion to re-open the case (such as here), the Supreme Court stated "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id* at 182.

22.     There is also a plethora of case law, from both the Supreme Court and this Circuit, affirming that a District Court's failure to give any explanation for its decision constitutes an automatic abuse of discretion. See also …

(a)     *US v. Burrell*, 622 F. 3d 961, 964 (8th Cir. 2010) ("We have held that a district court need not give lengthy explanations … but this does not permit a district court to give no explanation for its decision … It is impossible for us to ensure that the district court did not abuse its discretion if the [§ 3582] order shows only that the district court exercised its discretion rather than showing how it exercised that discretion … [A] district court must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing … In this case, we vacate and remand because the record does not allow us to discern how the district court exercised its discretion. The court did not identify any factors that it considered relevant in deciding to reduce Burrell's sentence and determining the extent of that

reduction.")

(b)    *Rayes v. Johnson*, 969 F. 2d 700, 704-713 (8th Cir. 1992) ("The district court may have had reason to deny Rayes' request for subsequent counsel, but no explanation appears in the record. The request was summarily denied twice"); See also Slaughter v. City of Maplewood, 731 F. 2d 587, 589 (8th Cir. 1984) ("Second, although we have jurisdiction to review the district court's denial of counsel, we nevertheless find it necessary to remand because we cannot determine from the record whether the district court exercised a reasoned and well-informed discretion, so as to permit our review for abuse of discretion")

(c)    *Gulf Oil Co. v. Bernard*, 452 US 89, 103 (1981) ("We conclude that the imposition of the order was an abuse of discretion. The record reveals no grounds on which the District Court could have determined that it was necessary or appropriate to impose this order")

(d)    *US v. Walters*, 643 F. 3d 1077, 1080 (8th Cir. 2011) ("Accordingly, given the lack of specific findings and the evidence in the record, we find that the district court abused its discretion in imposing special condition two and, thus, vacate that condition")

(e)    *Jarrett v. ERC Properties*, Inc., 211 F. 3d 1078, 1084 (8th Cir. 2000) ("The district court's good faith finding was stated in conclusory fashion with

no explanation ... Therefore, the court abused its discretion")

(f)   *Thongvanh v. Thalacker*, 17 F. 3d 256, 260 (8th Cir. 1994) ("A careful review of the record reveals no explanation whatsoever for the reduction. Accordingly, the jury award … is restored.")

(g)   *Purcell v. Gonzalez*, 549 US 1, 8 (2006) ("There has been no explanation given by the Court of Appeals showing the ruling and findings of the District Court to be incorrect. In view of ... our conclusion regarding the Court of Appeals' issuance of the order we vacate the order of the Court of Appeals")

(h)   *Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty.*, 464 US 501, 513 (1984) ("Thus not only was there a failure to articulate findings with the requisite specificity-" and then reversing on those grounds).

23.   To the extent an explanation was given, it is patently without merit. A trial court must rule on every motion and cause of action that is properly before it; See Canon 3(A)(2) of the Code of Conduct of United States Judges ("A judge should hear and decide matters assigned, unless disqualified").

24.   A ruling was indeed issued; thus, the issue is appealable.  However, the decision was … to not reach a decision. This is a manifest abuse of judicial discretion, and should be overturned just on this reason alone.

**Section 5: The second discovery objection was untimely, and thus not properly before the court in the first instance. Prejudice is palpable and axiomatic.**

25.   To justify the court's decision to not compel discovery, they argue that the

court reached a good faith decision on the merits of the discovery objection, and that this decision should not be overturned absent a showing of abuse of discretion.

26.    They are missing the point. The point is not that the district court issued the wrong decision on the merits of the second discovery objection.  The point is that the district court had no authority to issue a ruling on the merits of the second discovery objection at all.

27.    The second discovery objection was untimely. " Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." See Fed.R.Civ.P. 33(b)(4). See also *White v. Graceland College Center*, 586 F.Supp.2d 1250, 1256-57 (2008) (arguinging that justice and fairness require this to apply equally to request for production of documents as well as interrogatories).

28.    Thus, it is not just the fact that the court issued the wrong decision on the merits of the objection; it was the fact that he considered the merits of the second objection at all. It's the same as if he considered the merits of a cause of action that was barred by the statute of limitations; the claim (and this second objection) must automatically fail just on that reason alone, even if the objection might have had merit if raised in a timely manner.

29.    To the extent the Appellees rely on the defense of "harmless error" to seek affirmance of the decision, this argument is also patently frivolous. The case was dismissed because I had no evidence of unconstitutional policy or custom; thus,

when the Defendants *block me from obtaining said evidence*, prejudice to my case is obvious.

### Section 6: The Defendants had no penological interest over me, and they have articulated no grounds for security interest.

30.     To justify the district court's dismissal of my 1st Amendment claim, the Appellees attempt to argue that the jail policy censoring inmates' speech serves a legitimate penological interest.

31.     First of all, their new argument is not properly before this court. They never raised this argument in the District Court; instead, their argument in the district court was that the rule helped to *keep security* in the jail. "It is well settled that we will not consider an argument raised for the first time on appeal." See *Eagle Technology v. Expander Americas, Inc.*, 783 F. 3d 1131, 1138 (8th Cir. 2015).

32.     Now, do not get the wrong idea:  Indeed, the magistrate judge raised the defense. However, when a law or policy is reviewed under strict scrutiny (more on that in a minute) as opposed to rational basis review[1], a justification for a law cannot be mere speculative; there must be a "compelling government interest," and the law must be "narrowly tailored" to that purpose. See *Washington v. Glucksberg*, 521 US 702, 721 (1997)

> "[T]he Fourteenth Amendment forbids the government to infringe fundamental liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a

---

1  See *FCC v. Beach Communications, Inc.*, 508 US 307, 315 (1993) ("the absence of legislative facts explaining the distinction on the record has no significance in rational-basis analysis")

compelling state interest" (emphasis in original).

33.    To the extent this Court may consider this new argument, it is patently

frivolous. When I was incarcerated, I was a pre-trial detainee.  The keyword, here,

is "pre-trial."  In other words, I was not convicted (and never was convicted; see

Section 1 of this Argument for details). The Appellees themselves attach the

precedent of *Bell v. Wolfish*, 441 US 520 (1979) in support of their argument that

jails and prisons should be afforded wide discretion. However, that same decision

also states that punishment, for its own sake, is not a legitimate interest of pre-trial

detention centers.

> "[U]nder the Due Process Clause, a detainee may not be punished
> prior to an adjudication of guilt in accordance with due process of law
> ... A person lawfully committed to pretrial detention has not been
> adjudged guilty of any crime ... Under such circumstances, the
> Government concededly may detain him to ensure his presence at trial
> and may subject him to the restrictions and conditions of the detention
> facility so long as those conditions and restrictions do not amount to
> punishment." *id* at 535-537.

34.    Thus, the Appellees' argument that the censorship serves a penological

interest, according to *their own legal citation*, is unconstitutional.

35.    To the extent the Appellees are confined to the arguments raised by them in

the district court, their claims still fail. Since freedom of speech is a fundamental

right, that means they hold the burden of proof that the restraint on said speech

(which, to repeat … is not allowed to be penological in nature) must be narrowly

tailored to serve a compelling state interest. See *Washington v. Glucksberg*, supra.

36.    Because the rule only requires respect and courtesy to *guards*, and not to fellow inmates, this policy does not appear to be "narrowly tailored" to any sort of security interest.  Inmates are allowed to verbally anger, frustrate, and harass *each other*, just not the guards. This hardly seems geared towards keeping riots from breaking out. Rather, the only objective this policy seems "narrowly tailored" to is asserting dominance over the inmates, solely and entirely for the sake of asserting dominance … just like in George Orwell's "Nineteen Eighty-Four."[2]

37.    It should go without saying that this objective – dominance for its own sake – is not even remotely close to a "compelling state interest."

38.    Therefore, the decision of the District Court to grant summary judgment on this claim should be reversed upon *de novo* review.

### Section 7: There's no evidence to support that they use involuntary servitude for therapeutic purposes.

39.    To justify the District Court's decision to dismiss the 13th Amendment claim, the Appellees rely on precedent that is not even binding on this court, stating that this forced labor is not unconstitutional under the 13th Amendment.

40.    They are missing the point. Unlike the 1st Amendment violation, they do not appear to dispute that this law must pass strict scrutiny in order to be constitutional, or that I was not convicted. With that in mind, the problem, here, is not whether

---

2   "The Party seeks power entirely for its own sake … Always, at every moment, there will be the thrill of victory, the sensation of trampling on an enemy who is helpless. If you want a picture of the future, imagine a boot stamping on a human face—for ever."

there is some justification, floating around, somewhere out there in the farthest

reaches of cyberspace, or such a policy. The problem is that they did not use that

excuse when they first had the chance.

41.     When rational basis review is applied, the courts are allowed to hypothesize

any rational basis they can think of. However, as stated before, when strict scrutiny

is applied, the compelling state interest must be the actual interest pursued.

42.     By their own admission, their goals with this labor requirement are

cleanliness for its own sake, not achieving any sort of theraputic end. This is

insufficient to pass strict scrutiny.

43.     Therefore, their argument should be tossed aside.

**Section 8: The District Court weighed the evidence on summary judgment.**

44.     To justify the District Court's decision that the Defendants' refusal to allow

me to post bail did not violate my constitutional rights, they assert that the District

Court's review of the record, and weighing of the evidence, was competent and

accurate.

45.     Again, they are missing the point. The point is not that the District Court

made the wrong assessment of the evidence (though I do believe that, wholeheart-

edly; see the upcoming section for details); the point is that they made an

assessment of the evidence, period.

46.     By the Appellees' own admission, the District Court weighed the evidence

on summary judgment. See Page 19 of their Appellee Brief ("it does not appear that the jail staff was even negligent").

47. District courts **_cannot do that_**! That is patently against the law. See *Robl Const., Inc. v. Homoly*, 781 F. 3d 1029, 1033-34 (8th Cir. 2015) ("At the summary judgment stage the judge's function is not ... to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial ... A court should be cautious in granting a motion for summary judgment when resolution of the dispositive issue necessitates a determination of the state of mind of one or both of the parties").

48. Just on this alone, the decision of the District Court should be reversed, because regardless of whether the District Court ultimately reached the *correct* conclusion, they still had no authority to do so at that stage.

### Section 9: Dismissal for want of evidence, before close of discovery, is premature

49. I filed three Motions for Partial Summary Judgment. The Defendants filed answers to those motions, but that is not what killed those three claims. Rather, those claims were dismissed, with prejudice, when the District Court granted the Defense's counter motions for partial summary judgment. Were it not for those motions, and the orders granting them, I would still have been able to conduct discovery and present additional evidence to prove the claims.

50. When dismissing the claim for denial of right to bail, the District Court

relied on two grounds: (1) There was insufficient evidence of intent, and (2) there was insufficient evidence of municipal policy or custom.

51.     Both of these grounds were premature. At the time these orders were entered, the discovery had not yet been completed. The orders granting the Defendants' motions for partial summary judgment gave no argument as to why allowing discovery would be futile or a waste of time. It is black letter law that a plaintiff's claims should not be summarily dismissed unless it is clear that the Plaintiff can prove no set of facts that would entitle him to relief.

52.     Just on this reason alone (notwithstanding the other reasons stated above), the District Courts' orders should be reversed.

### Section 10: All facts on summary judgment must be viewed in favor of the non-movant.

53.      Now, we talk about the evidence hearing. To justify the District Court's decision to dismiss the entire case with prejudice after the evidence hearing, they argue that "the Honorable Magistrate Judge set out significant evidence entitling the Appellee to summary judgment on each remaining point raised by the Appellant." See Page 20 of Appellees' Brief.

54.     The Appellees appear to believe that the two-day hearing held on April 23-24, 2014 was a bench trial. It was not. It was an ***evidence hearing***. Leading up to the evidence hearing (and even in the terminal Report & Recommendation), the magistrate judge would repeatedly acknowledge that he must resolve all factual

disputes in favor of the case going to trial.

55.     The Magistrate Judge also stated that the evidence hearing was to be treated as motions for summary judgment from both sides. With that established, it is black letter law that courts, on a motion for summary judgment, must view the facts and draw all inferences in the light most favorable the non-moving party. See *RSA 1 Ltd. P'ship v. Paramount Software Assocs., Inc.*, 793 F.3d 903, 906 (8th Cir. 2015).

56.     The mere fact that the Defendants presented sufficient evidence to support the judgment, alone, is not enough, because I met proof with proof, but the magistrate and district judges ignored it.

57.     Which leads us to my final point …

### Section 11: Evidence of unconstitutional custom was indeed shown.

58.     Next, the Appellees argue that both the Magistrate Judge's Terminal Report & Recommendation and the District Court's decision to adopt that R&R were well founded on the merits.

59.     This is a blatant lie. This is not merely a mistake, or a misunderstanding of the nature of the case. They are simply lying, and they know it.

60.     I have already explained, in my Appellant Brief, the mountain of evidence I produced at the evidence hearing to show that they had a custom and policy of allowing jail guards to get away with literally anything, and never investigating

any complaints of any violations. See ¶¶ 19-43 of the "Statement of the Case" section of the Appellant's Brief (pages 14-26). The evidence presented includes, but is not limited to, Jason Day himself admitting that he ignores complaints of harassment in favor of investigating only allegations of physical abuse (see ¶ 22(a) of the Statement of the Case) as well as the magistrate judge himself admitting that I was introducing evidence in order to show "a pattern of abuse" (see ¶25(d)(i) of the Statement of the Case).

61.    I even produced web links to audio records of the evidence hearing, just in case the District and Magistrate Judges themselves tried to tamper with the record before sending it to this court.

62.    There is no excuse, here. There is not even the slightest pretense of good faith on the Appellees' part. They cooperated with the District Court to make the record appear as if it stated something that it clearly did not. They are simply lying.

## Conclusion

63.    The Defendants have violated my rights ever chance they get. They don't care. They only care about getting what they want. And now, they are violating my due process rights, in addition to bullying me. Because that's just what they do. They lie whenever it suits their interests, and they bully people just for fun. They think they are above the law because they are a government agency.

64.    Are you – the justices of this court – going to be like them? Are you going to

be an accomplice to their bullying? You *know* the record shows that I've presented rebuttal evidence; you *know* they are lying. I've presented the evidence in black and white; there is no way to interpret the record as being in any way consistent with the Appellee's or District Court's findings. The Appellees are lying; the District Court is lying. Are you going to lie alongside them?

Wherefore, premises considered, I respectfully request that the judgment of the district court be overturned.

So requested on this, the 20th day of January, 2015.

   */s/ David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

## CERTIFICATE OF COMPLIANCE

This Brief complies substantially with the volume requirements set forth in Fed.R.App.P. 32(a)(7)(B), in that it is under 7,000 words. Specifically, this entire Brief is 5,083 words long.

_/s/ David Stebbins_
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com
